**Donald Allen MOHMED, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–96–466–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 26, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Joshua Michael Webber, Dallas, for Appellant.

Bruce Isaacks, Denton County Dist. Atty., Moira Parro, Rick Daniel, Paige McCormick, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

The trial court convicted Donald Allen Mohmed of possession of marihuana and, finding the enhancement allegation to be true, assessed punishment at eleven years in the Texas Department of Criminal Justice, Institutional Division. He complains of the legal sufficiency of the evidence to support his conviction because he claims there was no evidence linking him to the marihuana. Also, appellant challenges the denial of his motion to suppress because he claims there was no reasonable suspicion to support a canine sniff of the car he was driving. Because we find that the evidence was legally sufficient to support the conviction and that the officer's detention for a canine sweep of the car was based on a reasonable suspicion, we affirm.

## BACKGROUND

A Denton County Sheriff's officer stopped an automobile he observed weaving in and out of its lane of traffic on Interstate 35. Appellant was the driver. A woman was riding in the front passenger seat and appellant's two young children were in the back seat. Appellant exited the vehicle and showed the officer his Oklahoma driver's license. The officer asked whether appellant had been drinking and appellant said "no". The officer testified that appellant seemed extremely nervous and avoided making eye contact.

As the officer was writing a warning ticket for failure to maintain a single lane, appellant mentioned that the car was rented. The officer walked to the passenger side of the vehicle and asked the female passenger for the rental papers. Neither appellant nor the female passenger's names were on the rental papers. The officer testified that it is common for people who transport drugs to use rental cars rented in someone else's name.

The officer testified that as he stood by the passenger door, he smelled the odor of burned marihuana coming from the car. He asked appellant for permission to search the car, but appellant refused. The officer, who had by now called for back-up, then retrieved his drug detection dog from his police vehicle and ordered the dog to sniff the vehicle for drugs. The dog alerted to the presence of drugs by scratching the trunk and the passenger side door. The officer then announced his intention to search the car and returned the dog to the police vehicle.

In the trunk, the officer found suitcases and bags containing clothing and personal items. He also found a black zipper bag containing five large ziploc bags of marihuana and an envelope from a bank in Oklahoma. The envelope contained a marihuana cigarette, rolling papers, and more marihuana. An empty envelope from the same bank was on the driver's floorboard. A Salem cigarette package containing a partially burned marihuana cigarette was found between the front passenger seat and the console. When the officer found the marihuana in the trunk, the appellant volunteered to the other officer that all of the marihuana belonged to him and not to the female passenger.

Following the search, appellant was arrested, read his Miranda warnings, and searched. Appellant was carrying over $910 in cash.

## SUFFICIENCY OF THE EVIDENCE

Appellant's first point challenges the legal sufficiency of the evidence to support his conviction. He claims that there is no evidence to link him to the marihuana.

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the judgment. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Emery v. State*, 881 S.W.2d 702, 705 (Tex.Crim.App.1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See*

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

 The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson,* 819 S.W.2d at 846.

 When an accused is charged with unlawful possession of a controlled substance, the State must prove that the defendant exercised actual care, custody, control, or management over the contraband and that he knew the matter possessed to be contraband. *See McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). When the accused is not in exclusive possession of the place where the substance is found, there must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *See Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App. [Panel Op.] 1981).

 The "affirmative link" analysis is used to review the evidence of the accused's knowledge and control of the contraband. *See Pettigrew v. State,* 908 S.W.2d 563, 571 (Tex.App.—Fort Worth 1995, pet. ref'd). When a defendant is charged with possession of a controlled substance, the evidence must affirmatively link the defendant to the contraband. *See id.* Among the factors to be considered in determining whether an affirmative link exists are: (1) the defendant's presence when the search warrant was executed; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was the driver of the automobile in which the contraband was found; (14) whether the appellant was found with a large amount of cash; and (15) whether the conduct of the accused indicated a consciousness of guilt. *See Lewis v. State,* 664 S.W.2d 345, 349 (Tex.Crim.App.1984); *Deshong,* 625 S.W.2d at 329; *Pettigrew,* 908 S.W.2d at 572.

 The contraband in this case was found in an enclosed area—a vehicle—and appellant was the last person driving the vehicle. The marihuana odor from within the car was strong enough that the officer could smell it while standing outside the car. Marihuana was found near the console of the car, and thus, was readily accessible to appellant. The bag in which the marihuana in the trunk was found also contained a bank envelope matching the bank envelope found on the driver's side floorboard. The trunk contained men's clothes and belongings as well as those of the woman and children. Appellant was carrying a large amount of cash. Neither appellant nor his passenger were listed on the automobile rental papers, and the officer testified that it is common for persons transporting illegal drugs to use rental cars rented to someone else. Appellant appeared extremely nervous. Lastly, but perhaps most significantly, when the officer found marihuana in the trunk, appellant admitted that it was his.

We hold that the evidence in this case was sufficient to "link" appellant to the contraband and to permit the trial judge to reasonably infer and conclude that appellant was in possession of the marihuana. We overrule appellant's first point.

## REASONABLE SUSPICION

Appellant's second point asserts that the trial court erred in denying his motion to suppress the contraband found in the automobile. Specifically, appellant claims the law enforcement officer did not have a sufficient reasonable suspicion to justify detaining appellant while he conducted a canine sweep of the car.

A sniff of the outside of an automobile by a trained canine is not a search within the meaning of the Fourth Amendment. *See United States v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 2644–45, 77 L.Ed.2d 110, 121 (1983); *Crockett v. State,* 803 S.W.2d 308, 310 n. 5 (Tex.Crim.App.1991); *Ortiz v. State,* 930 S.W.2d 849, 856 (Tex.App.—Tyler 1996, no writ). This is because the exterior or open air dog sniff is much less intrusive than a typical search and only discloses the presence or absence of narcotics. *See Crockett,* 803 S.W.2d at 311. Thus, the temporary detention of an automobile to allow an olfactory inspection by a police dog trained to detect the odor of illegal drugs is not offensive to the Fourth Amendment when based on a reasonable suspicion that the automobile contains narcotics. *See id.* Nevertheless, even a temporary detention of this kind is not permissible unless the circumstances upon which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity. *See id.* The odor of marihuana emanating from the car driven by appellant is sufficient to support a reasonable suspicion. *See Davis v. State,* 947 S.W.2d 240, 241, 245, 246 (Tex.Crim.App. 1997); *Razo v. State,* 577 S.W.2d 709, 711 (Tex.Crim.App. [Panel Op.] 1979).

Appellant was initially stopped for a routine traffic stop, and appellant does not challenge the propriety of the initial stop. Instead, he claims that the officer did not have a reasonable suspicion to further detain him to conduct a canine sweep of the outside of the automobile he was driving.

An officer may lawfully stop and detain a person for a traffic violation. *See McVickers v. State,* 874 S.W.2d 662, 664 (Tex. Crim.App.1993). Furthermore, requests for information concerning a driver's license, ownership of a vehicle, insurance information, appellant's destination, and the purpose of a trip are all proper inquiries. *See Ortiz,* 930 S.W.2d at 856. An officer is entitled to rely on all of the information obtained during the course of his contact with the citizen in developing the articulable facts which would justify a continued investigatory detention. *See id.*

The officer in this case properly stopped appellant for a traffic violation and properly questioned both appellant and the passenger about the rental car papers. It was during this questioning that the officer smelled the marihuana. We find that the law enforcement officer's subsequent detention of appellant for a canine sweep of the exterior of the automobile was supported by a reasonable suspicion because the officer smelled a strong odor of burned marihuana emanating from the car. Therefore, the trial court did not err in denying appellant's motion to suppress. We overrule point two.

We affirm the trial court's judgment.