TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00297-CR






Ira Watson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0982569, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant Ira Watson guilty of possessing more than four ounces but
less than five pounds of marihuana and assessed punishment, enhanced by previous felony
convictions, at imprisonment for eleven years. See Tex. Health & Safety Code Ann.
§ 481.121(a), (b)(3) (West Supp. 2000). Appellant contends the marihuana was seized in violation
of the United States and Texas constitutions and should have been suppressed. See U.S. Const.
amends. IV, XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp.
2000). We will overrule this contention and affirm.

On March 6, 1998, Gary Haston was a Williamson County deputy sheriff assigned
to a multi-county narcotics task force. That afternoon, Haston stopped appellant's car for traffic
violations. Appellant got out of his car after stopping and was questioned by Haston "about the
purpose of his trip, where he was coming from, where he was going." Haston said appellant
"seemed pretty nervous . . . more nervous than what he should be for a regular traffic violation." 
Asked for identification, appellant gave the officer a prison identification card. Appellant told
Haston he had gone to prison for a drug offense, a fact Haston confirmed in a records check.

Haston next spoke to the passenger in appellant's car. The passenger's explanation
for where the men had been and where they were going conflicted with appellant's. The
passenger told Haston he was in a work-release program following a conviction for driving while
his license was suspended, but the records check disclosed that the passenger actually had a
controlled substance conviction.

Haston testified that the circumstances "fit what I normally see when people have
narcotics in the vehicle." He added, "The way that [appellant] was acting, the nervousness and
the conflicting statements between the two. The denial of narcotic charges of the passenger, all
of that with my experience leads to something they're not telling me." Haston asked appellant
if there were "any drugs or marihuana in the car." Appellant replied, "There could be, or there
may be, he didn't know." Questioned further, appellant told the officer that there might be one
pound of marihuana in the trunk of the car. Appellant then gave Haston permission to search. 
The officer found a plastic sack containing approximately one pound of marihuana under the spare
tire.

Appellant concedes that the initial traffic stop was lawful. Moreover, he does not
contend that his consent to the search of his car was involuntary. See Schneckloth v. Bustamonte,
412 U.S. 218, 222 (1973) (voluntary consent is exception to Fourth Amendment warrant
requirement). He argues, however, that the investigation that led to the discovery of the
marihuana was not reasonably related to the purpose of the stop. A traffic stop is analogous to
a temporary investigative detention. See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). Such
a detention may last no longer than is necessary to effectuate the purpose of the stop. See Florida
v. Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947 S.W.2d 240, 243-45 (Tex. Crim. App.
1997). Appellant urges that Officer Haston did not expeditiously issue citations for the observed
traffic offenses (in fact, no traffic citations were issued), but instead unreasonably detained
appellant in order to investigate his unwarranted suspicion that appellant might possess a
controlled substance. Appellant argues that the discovery of the marihuana was tainted by this
unreasonable detention.

Requests for a driver's license or other identification, proof of insurance, and
information regarding ownership of the car and the destination and purpose for the trip are proper
inquiries following a traffic stop. See Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.--Fort
Worth 1998, pet. ref'd). Further, it is not unreasonable for an officer to check for outstanding
warrants. See Davis, 947 S.W.2d at 245 n.6. Articulable facts and circumstances that come to
the officer's attention during the course of these routine inquiries may justify a continued
investigatory detention and investigation. See Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim.
App. 1979); Mohmed, 977 S.W.2d at 628.

Haston estimated that the search of appellant's car began five to ten minutes after
the initial stop. We are not persuaded that ten minutes is an inordinately long time to carry out
the routine procedures incident to a traffic stop. But in any case, this traffic stop was not routine. 
Appellant manifested a level of nervousness that, in the officer's experience, was greater than
usual following a traffic stop. Appellant and his passenger gave Haston conflicting statements,
and the passenger lied to the officer about his criminal history in an apparent attempt to conceal
a drug conviction. When asked, appellant told the officer that his car might contain a pound of
marihuana. Haston's suspicion that appellant had controlled substances in his car was reasonably
warranted by these specific, articulable facts and the rational inferences arising from these facts. 
See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997) (test for reasonable suspicion);
Fields v. State, 932 S.W.2d 97, 105 (Tex. App.--Tyler 1996, pet. ref'd); Bustamante v. State, 917
S.W.2d 144, 146 (Tex. App.--Waco 1996, no pet.); Foster v. State, 814 S.W.2d 874, 879 (Tex.
App.--Beaumont 1991, pet. ref'd). Appellant's detention was constitutionally justified, and the
ensuing search was lawful.

The points of error are overruled and the judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 27, 2000

Do Not Publish



 Haston confirmed in a records check.

Haston next spoke to the passenger in appellant's car. The passenger's explanation
for where the men had been and where they were going conflicted with appellant's. The
passenger told Haston he was in a work-release program following a conviction for driving while
his license was suspended, but the records check disclosed that the passenger actually had a
controlled substance conviction.

Haston testified that the circumstances "fit what I normally see when people have
narcotics in the vehicle." He added, "The way that [appellant] was acting, the nervousness and
the conflicting statements between the two. The denial of narcotic charges of the passenger, all
of that with my experience leads to something they're not telling me." Haston asked appellant
if there were "any drugs or marihuana in the car." Appellant replied, "There could be, or there
may be, he didn't know." Questioned further, appellant told the officer that there might be one
pound of marihuana in the trunk of the car. Appellant then gave Haston permission to search. 
The officer found a plastic sack containing approximately one pound of marihuana under the spare
tire.

Appellant concedes that the initial traffic stop was lawful. Moreover, he does not
contend that his consent to the search of his car was involuntary. See Schneckloth v. Bustamonte,
412 U.S. 218, 222 (1973) (voluntary consent is exception to Fourth Amendment warrant
requirement). He argues, however, that the investigation that led to the discovery of the
marihuana was not reasonably related to the purpose of the stop. A traffic stop is analogous to
a temporary investigative detention. See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). Such
a detention may last no longer than is necessary to effectuate the purpose of the stop. See Florida
v. Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947 S.W.2d 240, 243-45 (Tex. Crim. App.
1997). Appellant urges that Officer Haston did not expeditiously issue citations for the observed
traffic offenses (in fact, no traffic citations were issued), but instead unreasonably detained
appellant in order to investigate his unwarranted suspicion that appellant might possess a
controlled substance. Appellant argues that the discovery of the marihuan