NO. 07-00-0461-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 7, 2002



______________________________




JOSE ZUNIGA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2419; HONORABLE GENE DULANEY, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

ORDER ON APPELLANT'S FIRST AMENDED MOTION FOR BAIL


 By opinion dated November 19, 2001, this Court reversed appellant's conviction for
manslaughter and remanded the cause to the trial court for new trial. Pending before this
Court is appellant's first amended motion for bail filed pursuant to article 44.04(h) of the
Texas Code of Criminal Procedure Annotated (Vernon Pamph. Supp. 2002), by which he
requests that reasonable bail be set. For the reasons expressed herein, the motion is
overruled without prejudice to the filing of a revised motion.

 Article 44.04(h) does not provide any specific guidance as to the criteria or factors
this Court should consider in making reasonable bond determinations following reversal
of a conviction. However, in Aviles v. State, 23 S.W.3d 74, 80 (Tex.App.-Houston [14th
Dist. 2000, pet. ref'd), the court suggested that the factors set forth in article 17.15 of the
Texas Code of Criminal Procedure were relevant to setting bond under article 44.04(h). 
See also Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Cr.App. [Panel Op.] 1981). 
Accordingly, appellant's motion is overruled without prejudice to presentation of a revised
motion detailing the necessary factors required to aid this Court in setting reasonable
bond. Any revised motion must be filed no later than Friday, February 22, 2002.

 It is so ordered.

 Per Curiam

Do not publish.


Powell
v. State, 5 S.W.3d at 377; Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.-Fort Worth
1998, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 856 (Tex. App.-Tyler 1996, no pet.). It
is also reasonable to check for outstanding warrants. Powell v. State, 5 S.W.3d at 377;
Smith v. State, 840 S.W.2d 689, 692 (Tex. App.-Fort Worth 1992, pet. ref'd); Petty v.
State, 696 S.W.2d 635, 639 (Tex. App.-Dallas 1985, no pet.). 

 We believe that from the totality of the circumstances, the officer had a reasonable
basis to detain appellant here. The only witness at the suppression hearing was Officer
Steve Davis. He recited the reasons which caused him to suspect that contraband might
be found in the vehicle. They included 1) appellant rapidly exiting the highway when Davis'
vehicle approached appellant's, 2) appellant claiming he had done so because he needed
to purchase gas though his gas tank was three-quarters full, 3) appellant being "unduly
nervous," i.e. sweating even though it was approximately 7:00 a.m. on a cool March day,
4) appellant, 70 and retired, claiming to have left his home in Indiana on March 4 to see
his daughter in a basketball game in Arizona on March 6th, 5) appellant later claiming that
he went to Arizona because his daughter was hurt in a basketball game, 6) evidence that
the car purportedly used to travel to Arizona was actually rented on March 7th or a day after
the alleged game, 7) the absence of appellant's name on the car rental agreement as
either the lessee or a designated driver, and 8) the generally confusing or "nonsensical"
nature of appellant's answers to the officer's questions. From the totality of these
circumstances, we believe the officer had a reasonable suspicion upon which to detain
appellant for the additional eight minutes. See Estrada v. State, 30 S.W.3d 599, 603 (Tex.
App.-Austin 2000, pet. ref'd) (holding that there was reasonable suspicion to detain when
the officer observed the presence of carpet cleaner and air freshener which are used to
hide the odor of drugs, the driver and passenger were nervous, and the statements of the
driver as to where he had been and where he was going were confusing, contradictory, and
inconsistent with those of the passenger); Powell v. State, 5 S.W.3d at 378-79 (holding that
the officer had a reasonable suspicion of criminal activity based on the defendant's
nervousness, the conflicting stories of the defendant and his passenger about the details
of their trip, the defendant's statement that he had never been arrested when the officer
found out by computer that he had, and the lack of registration of the car to either
occupant). 

 To the extent that appellant relies on McQuarters v. State, 58 S.W.3d 250 (Tex.
App.-Fort Worth 2001, pet. ref'd) to contend otherwise, we find the case distinguishable. 
Unlike the circumstances here, those present in McQuarters did not include the officer
catching the detainee in a lie; that missing indicia was of import to the McQuarters court. 
Id. at 257. And, it is present here. Nor is Wolf v. State, 137 S.W.3d 797 (Tex. App.-Waco
2004, no pet.), another case cited to us by appellant, controlling. There, the only indicia
present were nervousness and extreme cooperation. Id. at 804. We have more here,
such as deception by appellant and a vehicle rented by some third party without
designating appellant as a driver. (1) 

 Accordingly, we overrule appellant's issue and affirm the judgment.


 Brian Quinn

 Chief Justice


Do not publish. 

1. Evidence of deception and contradictory stories were also lacking in Davis v. State, 947 S.W.2d 247
(Tex. Crim. App. 1997) and Veal v. State, 28 S.W.3d 832 (Tex. App.-Beaumont 2000, pet. ref'd.), other of
appellant's cases.