COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-448-CR

RONNIE D. COUNCIL                                                              APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
371ST DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        A jury convicted Appellant Ronnie D. Council of possession with intent 
to deliver cocaine and the trial court sentenced him to twenty-five years 
confinement. In his sole point, Appellant complains that the evidence is 
factually insufficient to establish that he possessed cocaine. We affirm. 
Background
        On May 3, 2001, Fort Worth Police Officer Tina Van Houten was parked 
at a gas station when she saw a blue Chevy Caprice moving faster than the 
other cars on the street. When the car passed by, Van Houten pulled in behind 
it and determined that the car was speeding. Van Houten turned on her patrol 
lights to initiate a stop, and the driver of the car, Appellant, stopped his car in 
front of an abandoned tire store. The building was completely empty except 
for a couple of men that were apparently getting the building prepared for a 
future business. It had a large bay area with an overhead door that was open 
and an office area off to one side. 
        Van Houten testified that Appellant jumped out of his car and walked 
hurriedly into the building toward the office. She chased Appellant and caught 
up with him as he stepped through a doorway from the bay area of the tire 
shop into the office area. Van Houten stated that she was within twelve inches 
of Appellant when she saw Appellant pull a baggie from his pocket and throw 
it onto the floor of the office. As soon as the baggie hit the ground, she looked 
around to see if anyone else was in the office. Van Houten ascertained that 
there was no one else in the office area, although there were two or three 
workers on the opposite side of the building. 
        Appellant immediately walked back toward his car and Van Houten 
accompanied him while calling for backup assistance. Van Houten testified that 
she maintained a visual on the building to ensure that no one came in contact 
with the office during the time that she was outside the building with Appellant. 
After backup arrived, a Fort Worth Marshal handcuffed Appellant while Van 
Houten retrieved the baggie from the office floor. Appellant was arrested for 
possession of a controlled substance with intent to deliver and taken to jail. 
Appellant voluntarily stipulated at trial that the baggie contained 8.27 grams of 
cocaine.
        Although Appellant did not testify, he presented two witnesses who saw 
Appellant’s car at the tire shop during the events that led to Appellant’s arrest. 
Tommy Cook, Jr. testified that he saw Appellant’s light blue Chevrolet Caprice 
parked at the abandoned tire store while he was waiting for a traffic light at a 
nearby intersection. Cook stated that no one was in Appellant’s car when he 
saw a female officer pull up behind it with her patrol lights on. As the traffic 
light changed, Cook saw the officer exit her car and run toward the tire shop. 
        Robert Irick, Sr., Appellant’s work associate, also testified at trial on 
Appellant’s behalf. Irick stated that on May 3, 2001, he and Appellant got off 
work at 3:30 p.m. They were both driving home from work down the same 
street and Irick was only a few cars behind Appellant when the incident 
occurred. Irick testified that Appellant pulled into the abandoned tire shop and 
a patrol car followed him, pulling up behind Appellant’s car. Contradicting the 
testimony of Cook and Van Houten, Irick stated that the police car did not have 
its patrol lights on. Because Irick was driving down the street at the time, he 
did not observe anything after he saw the patrol car pull up behind Appellant’s 
car.
Standard of Review
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. In performing this 
review, we are to give due deference to the fact finder’s determinations. Id. at 
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that 
of the fact finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find 
the evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997). 
        To make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d at 
12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
Discussion
        When an accused is charged with unlawful possession of a controlled 
substance, the State must prove that the defendant exercised actual care, 
custody, control, or management over the contraband and that he knew the 
matter possessed to be contraband. Tex. Health & Safety Code Ann. § 
481.002(38) (Vernon 2003). When the accused is not in exclusive possession 
of the contraband, there must be additional independent facts and 
circumstances that affirmatively link the accused to the contraband. Mohmed 
v. State, 977 S.W.2d 624, 627 (Tex. App.—Fort Worth 1998, no pet.). 
Affirmative links between a party accused of possession and the contraband 
may be proved by circumstantial evidence. Waldon v. State, 579 S.W.2d 499, 
501-02 (Tex. Crim. App. [Panel Op.] 1979). Among the factors that may be 
considered in determining whether an affirmative link exists are: 1) whether the 
contraband was in plain view; 2) the defendant’s proximity to and the 
accessibility of the narcotic; 3) whether the defendant attempted to flee; 4) 
whether the defendant made furtive gestures; 5) whether the place where the 
drugs were found was enclosed; and 6) whether the conduct of the accused 
indicated a consciousness of guilt. Mohmed, 977 S.W.2d at 627. 
        An analysis of the affirmative link factors confirms a sufficient link 
between the Appellant and the baggie of cocaine. The contraband in this case 
was in plain view of Van Houten when Appellant pulled it out of his pocket and 
threw it on the floor of an empty and enclosed office. Appellant’s conduct 
indicated a consciousness of guilt when he made the furtive gesture of walking 
away from a police officer and into an abandoned tire store instead of remaining 
in his car. Finally, Van Houten testified that she kept an eye on the building 
after she and Appellant exited the building and confirmed that no one went 
inside.
        Appellant asserts that the evidence is factually insufficient to establish 
that he possessed cocaine because there are two significant breaks in the link 
between Appellant and the baggie of cocaine retrieved from the office of the 
tire store. The first break, according to Appellant, occurred when Van Houten 
stopped Appellant and chased him into the tire store. The second break 
occurred when Van Houten left the building to follow Appellant to his car. 
        Appellant relies on two cases to contend that these breaks establish that 
there was no affirmative link between Appellant and the cocaine. White v. 
State, 890 S.W.2d 131 (Tex. App.—Texarkana 1994, pet. ref’d); Tatum v. 
State, 836 S.W.2d 323 (Tex. App.—Austin 1992, pet. ref’d). In White, the 
Texarkana Court of Appeals reversed and remanded a conviction for possession 
of cocaine where the cocaine was found in a boat parked on a vacant lot next 
to White’s house. 890 S.W.2d at 133-34. The court determined that without 
independent facts and circumstances linking the accused to the contraband, 
there was insufficient evidence to establish an affirmative link to the 
contraband. Id. at 139. In Tatum, the Austin Court of Appeals reversed a 
possession case where a syringe of cocaine was found approximately six feet 
from Tatum after he abandoned an attempt to flee from a vacant house and 
stopped running. 836 S.W.2d at 327. In that case, the officer admitted that 
he did not see the syringe thrown down, but found it near the place where the 
appellant raised one hand before stopping. Id. at 324. 
        Both of these cases are distinguishable from the case at hand because 
here, Van Houten actually observed Appellant throw the baggie of cocaine on 
the floor. Conversely, in White and Tatum, the appellants were never actually 
seen in possession of the contraband. Van Houten testified that she followed 
Appellant from his car to the office and then back to his car. After Appellant 
dropped the baggie on the office floor, Van Houten kept an eye on the office 
area to ensure that no one else came in contact with that room. Appellant 
argues that Cook’s testimony directly controverts Van Houten’s statements that 
she was close behind Appellant at all times. Although Cook testified that 
Appellant’s car was empty when the patrol car pulled up to the tire store, Van 
Houten and Irick both indicated that Van Houten followed Appellant closely 
from a traffic light to the tire store. The jury was free to believe the State’s 
evidence and to discount contrary evidence, and to resolve any inconsistencies 
in the testimony. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). 
        After reviewing the evidence, we conclude that the evidence is factually 
sufficient to support Appellant’s conviction. 
Conclusion
        Accordingly, we overrule Appellant’s sole point and affirm the trial court’s 
judgment. 
 
                                                                  PER CURIAM 
 
PANEL B:   HOLMAN, LIVINGSTON, and DAUPHINOT, JJ. 
 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 16, 2003