Affirmed and Memorandum Opinion filed June 29, 2004









Affirmed and Memorandum Opinion filed June 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00279-CR

____________

 

VAN LESTER HILL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 11910

 



 

M E M O R A N D U M  O P I N I O N

After the trial court denied his motion to
suppress, appellant Van Lester Hill pleaded guilty to unlawful possession of
marijuana in an amount of fifty pounds or less but more than five pounds.  The trial court assessed punishment at ten
years= deferred
adjudication probation and a $2,500 fine. 
In his sole point of error, appellant contends the trial court erred in
denying his motion to suppress because the detaining officer lacked reasonable
suspicion to justify the investigative detention.  We affirm.

 








Factual and
Procedural Background

On May 24, 2001, Lawrence P. Lilly, Jr., a
Texas Department of Public Safety highway patrolman, initiated a routine
traffic stop after witnessing a car speeding and changing lanes without
signaling.  David Hill, appellant=s brother, was
driving the vehicle, and appellant was the only passenger.  After asking David to exit the car, Lilly
then asked David for his driver=s license and
questioned David about ownership of the vehicle.  After a brief discussion with David, Lilly
then approached appellant, who remained in the vehicle.  Lilly collected appellant=s driver=s license and then
rejoined David at the rear of the vehicle and requested consent to search.  David initially gave consent, but later
withdrew that consent.  Lilly ran a check
on both David and appellant for outstanding warrants; however, based on the responses
and actions of the two, Lilly believed they might be transporting
narcotics.  While Lilly was waiting for a
response to his warrant request, he called a canine unit to perform an
olfactory inspection of the vehicle.  The
canine unit arrived approximately eight minutes after the warrant check
returned clear.  The dog alerted to the
vehicle, which ultimately led to the discovery of marijuana in the trunk.  

The trial court denied appellant=s motion to
suppress, holding the officer had reasonable suspicion to detain appellant
further to perform an olfactory inspection of the vehicle.  After the trial court denied the motion,
appellant pleaded guilty to the offense of possession of marijuana.  On appeal, appellant alleges the trial court
erred in denying the motion to suppress because the officer was not permitted
to question appellant or David concerning the purpose and destination of their
trip and the officer did not have reasonable suspicion to justify the continued
detention after the warrant check showed appellant had no outstanding warrants.

Standard of
Review








We review a trial court=s decision on a
motion to suppress under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  We give almost
total deference to the trial court=s determination of
historical facts supported by the record, especially when those facts are based
on credibility and demeanor.  Id.;
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  However, we review the trial court=s application of
law to those facts de novo.  Carmouche,
10 S.W.3d at 327.  When the trial court
does not make any findings of fact, we review the evidence in the light most
favorable to the trial court=s ruling, and we
presume the trial court made findings necessary to support its ruling, as long
as the implied findings are supported by the record.  Id. at 327B28; Josey v.
State, 981 S.W.2d 831, 837 (Tex. App.CHouston [14th
Dist.] 1998, pet. ref=d).    


Discussion

Appellant first contends the trial court
erred in denying his motion to suppress because the officer exceeded the scope
of permissible questions for a traffic stop. 
Specifically, appellant argues Lilly=s questioning
should have been limited to requesting identification, a valid driver=s license, and
proof of insurance from the driver, and that by inquiring into the purpose and
destination of their trip, Lilly exceeded the permissible bounds of
questioning.  According to appellant, the
officer=s additional
questions are not rationally related to the traffic infractions; rather, they
are more analogous to a fishing expedition for unrelated criminal
activity.    








When an officer witnesses a traffic
violation, he has sufficient authority to stop the vehicle.  Strauss v. State, 121 S.W.3d 486, 490
(Tex. App.CAmarillo 2003, pet. ref=d).  During a valid traffic stop, the officer has
the right to check for outstanding warrants and request a driver=s license,
insurance papers, and identification.  Davis
v. State, 947 S.W.2d 240, 245 & n.6 (Tex. Crim. App. 1997); Villareal
v. State, 116 S.W.3d 74, 82 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Further, the
officer may ask about the detainee=s destination and
purpose of the trip without infringing on Fourth Amendment protections,
although neither the driver nor the passenger is compelled to answer these
questions.  Villareal, 116 S.W.3d
at 82; Nuttall v. State, 87 S.W.3d 219, 222 (Tex. App.CAmarillo 2002, no
pet.); State v. Cardenas, 36 S.W.3d 243, 246 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d); Estrada v. State, 30 S.W.3d
599, 603 (Tex. App.CAustin 2000, pet. ref=d); Mohmed v.
State, 977 S.W.2d 624, 628 (Tex. App.CFort Worth 1998,
pet. ref=d); Ortiz v.
State, 930 S.W.2d 849, 856 (Tex. App.CTyler 1996, no
pet.).  Here, appellant=s argument is
without merit because, as we have previously held, Lilly, as the detaining
officer, may in the course of a valid traffic stop question appellant regarding
destination and purpose of the trip; thus, the trial court did not err in
denying appellant=s motion to suppress.    

Appellant also contends the trial court
improperly denied his motion to suppress because Lilly did not have reasonable
suspicion to detain appellant after the original purpose of the traffic stop
was concluded and the license and warrant checks returned clear.  We also find this argument without merit and
hold that, for the reasons discussed in David Hill v. State, the
companion case, Trooper Lilly had reasonable suspicion to justify the detention
while awaiting arrival of the canine unit. 
See Hill v. State, No. 14-03-00278-CR, 2004 WL 794426 (Tex. App.CHouston [14th
Dist.] April 15, 2004, no pet. h.). 

Accordingly, we overrule appellant=s sole issue on
appeal, and affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 29, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).