ROCHESTER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-519-CR

JIMMY RAY ROCHESTER, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jimmy Ray Rochester, Jr. appeals from his conviction for possession of a prohibited weapon.  In a single issue, he complains that the trial court abused its discretion by denying his motion to suppress evidence obtained during a police encounter and prearrest pat-down search.  We will affirm.

The law governing this case is well settled, and the facts are well known to the parties.

Viewed in the light most favorable to the trial court’s ruling,
(footnote: 2) the evidence shows the following:  Late in the afternoon of August 12, 2002, Officer Darrell McGee responded to a 911 call and arrived to find a car located near a busy thoroughfare with appellant alone and unconscious inside.  McGee believed the call to be a “check welfare” call because medics and the fire department had also been dispatched to the scene.  As the medics were arriving, McGee woke appellant by either knocking on the window of the car or banging on the roof.

McGee was concerned for appellant’s welfare, so he asked appellant to step out of his car and then had the medics “clear” him medically.  McGee then asked appellant for a driver’s license or some identification.  After appellant stated that he had neither, McGee asked him if he had any weapons, and appellant responded, “[Y]es, I have knives.”  McGee then conducted a pat-down search and recovered four knives from appellant’s pockets.  One of the knives was a switchblade, which is by definition a prohibited weapon.
(footnote: 3)  

Appellant contends that McGee’s questioning and pat-down search were not a reasonable exercise of the community care-taking function.  We have previously held, however, that a police officer’s welfare check under similar circumstances was a reasonable exercise of the community care-taking function and did not violate the defendant’s constitutional rights.  
Yocom v. State,
 No. 02-03-00181-CR, 2004 WL 742888, at *5-7 (Tex. App.—Fort Worth Apr. 8, 2004, pet. filed) (not designated for publication); 
see also Corbin v. State,
 85 S.W.3d 272, 276 (Tex. Crim. App. 2002); 
Hulit v. State,
 982 S.W.2d 431, 438 (Tex. Crim. App. 1998) (both holding that police officer may detain person for investigation if officer reasonably suspects person may be ill and in need of assistance).  Thus, McGee reasonably exercised the community care-taking function by waking appellant and asking him to step out of his car.

Further, McGee was entitled to ask appellant if he had a driver’s license, and to rely on appellant’s response that he did not, in developing articulable facts that would justify a continued investigatory detention.  
See McQuarters v. State,
 58 S.W.3d 250, 255-56 (Tex. App.—Fort Worth 2001, pet. ref’d); 
Mohmed v. State,
 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref’d) (both listing information officer may request during investigative stop).  Once McGee learned that appellant had no driver’s license, he could have reasonably suspected that appellant was engaging in criminal activity and therefore continued to detain him lawfully.  
See
 
Tex. Transp. Code Ann.
 §§ 521.021, .461 (Vernon 1999) (providing that person commits offense by operating motor vehicle on public highway without license).  Thus, McGee’s question about whether appellant had weapons and the resulting pat-down search when he learned that appellant did were proper in order to ensure McGee’s safety.  
See Terry v. Ohio,
 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968).

For all of these reasons, we hold that the trial court did not abuse its discretion in denying appellant’s motion to suppress.  
See Ross
, 32 S.W.3d at 856; 
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).  We overrule appellant’s issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
See State v. Ross,
 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). 

3:
See
 
Tex. Penal Code Ann.
 § 46.01(11) (Vernon 2003), § 46.05(a)(5) (Vernon Supp. 2004-05).