COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-519-CR
  
  
JIMMY RAY ROCHESTER, JR.                                                 APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jimmy 
Ray Rochester, Jr. appeals from his conviction for possession of a prohibited 
weapon. In a single issue, he complains that the trial court abused its 
discretion by denying his motion to suppress evidence obtained during a police 
encounter and prearrest pat-down search. We will affirm.
        The 
law governing this case is well settled, and the facts are well known to the 
parties.
        Viewed 
in the light most favorable to the trial court’s ruling,[2] 
the evidence shows the following: Late in the afternoon of August 12, 2002, 
Officer Darrell McGee responded to a 911 call and arrived to find a car located 
near a busy thoroughfare with appellant alone and unconscious inside. McGee 
believed the call to be a “check welfare” call because medics and the fire 
department had also been dispatched to the scene. As the medics were arriving, 
McGee woke appellant by either knocking on the window of the car or banging on 
the roof.
        McGee 
was concerned for appellant’s welfare, so he asked appellant to step out of 
his car and then had the medics “clear” him medically. McGee then asked 
appellant for a driver’s license or some identification. After appellant 
stated that he had neither, McGee asked him if he had any weapons, and appellant 
responded, “[Y]es, I have knives.” McGee then conducted a pat-down search 
and recovered four knives from appellant’s pockets. One of the knives was a 
switchblade, which is by definition a prohibited weapon.[3]
        Appellant 
contends that McGee’s questioning and pat-down search were not a reasonable 
exercise of the community care-taking function. We have previously held, 
however, that a police officer’s welfare check under similar circumstances was 
a reasonable exercise of the community care-taking function and did not violate 
the defendant’s constitutional rights. Yocom v. State, No. 
02-03-00181-CR, 2004 WL 742888, at *5-7 (Tex. App.—Fort Worth Apr. 8, 2004, 
pet. filed) (not designated for publication); see also Corbin v. State, 
85 S.W.3d 272, 276 (Tex. Crim. App. 2002); Hulit v. State, 982 S.W.2d 
431, 438 (Tex. Crim. App. 1998) (both holding that police officer may detain 
person for investigation if officer reasonably suspects person may be ill and in 
need of assistance). Thus, McGee reasonably exercised the community care-taking 
function by waking appellant and asking him to step out of his car.
        Further, 
McGee was entitled to ask appellant if he had a driver’s license, and to rely 
on appellant’s response that he did not, in developing articulable facts that 
would justify a continued investigatory detention. See McQuarters v. State, 
58 S.W.3d 250, 255-56 (Tex. App.—Fort Worth 2001, pet. ref’d); Mohmed v. 
State, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref’d) (both 
listing information officer may request during investigative stop). Once McGee 
learned that appellant had no driver’s license, he could have reasonably 
suspected that appellant was engaging in criminal activity and therefore 
continued to detain him lawfully. See Tex. Transp. Code Ann. §§ 521.021, 
.461 (Vernon 1999) (providing that person commits offense by operating motor 
vehicle on public highway without license). Thus, McGee’s question about 
whether appellant had weapons and the resulting pat-down search when he learned 
that appellant did were proper in order to ensure McGee’s safety. See Terry 
v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968).
        For 
all of these reasons, we hold that the trial court did not abuse its discretion 
in denying appellant’s motion to suppress. See Ross, 32 S.W.3d at 856; Carmouche 
v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). We overrule 
appellant’s issue and affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
    
  
PANEL F:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: August 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).
3.  See 
Tex. Penal Code Ann. § 46.01(11) 
(Vernon 2003), § 46.05(a)(5) (Vernon Supp. 2004-05).