NO. 07-04-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2006

_____

RICARDO SERBANTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5065; HONORABLE KELLY G. MOORE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Ricardo Serbantez appeals the trial court's denial of his motion to suppress evidence of the cocaine found in his vehicle. We will affirm the decision of the trial court.

Appellant was stopped by Officer Torres of the Brownfield Police Department for speeding. Officer Torres asked appellant for his driver's license and proof of insurance. While appellant searched for the documents, Torres noted appellant looked nervous and

appellant was shaking when he handed the officer his license. Torres further noted the two passengers in appellant's vehicle would not look at him. He recognized one of the passengers, Debbie DeLeon, from a previous arrest for drug-related charges. Torres asked appellant to exit the vehicle because he was acting nervous and noted appellant paced nervously as they spoke.

Officer Torres then questioned Ms. DeLeon about the purpose of their trip and asked her if there was any illegal contraband. DeLeon hesitated, then responded, "Not on me." The officer returned to appellant and requested permission to search the vehicle. Appellant refused. Torres then detained appellant and his passengers for approximately ten to fifteen minutes until Corporal Cavat arrived with a canine trained to detect drugs by scent. During the open air sniff around appellant's vehicle, the dog alerted to the vehicle. Officer Torres and Corporal Cavat then searched the vehicle and found two baggies containing a white powdery substance later confirmed to be cocaine. Torres placed appellant under arrest for possession of a controlled substance.

The trial court held a hearing on appellant's motion to suppress evidence obtained as a result of the detention and search of the vehicle. After hearing testimony of witnesses and argument, the court denied appellant's motion. In so doing, the trial court entered a finding on the record that "the inflection in the officer's voice when he testified the words, 'Not on me' that [Ms. DeLeon] related to him led me to believe that he believed and it was reasonable for him to believe that she was telling him that they were in there but not on her . . . ," and "so I am going to go ahead and make a finding that I believe the way the statement came to the officer he was reasonable in believing that she was indicating to him

2

that there were drugs in the vehicle." Appellant pled guilty to possession of a controlled substance and was assessed a sentence by the court that included seven years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In reviewing a ruling on a motion to suppress, we give "almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We review *de novo* the court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000).

In general, the decision to stop an automobile is reasonable when the police have probable cause to believe a traffic violation has occurred. *Wolf v. State*, 137 S.W.3d 797, 801 (Tex.App.–Waco 2004, no pet.). In this case, the stop was appropriate because appellant was traveling 37 miles per hour in a posted 30 mile per hour zone.[1] However, an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Davis v. State*, 947 S.W.2d 240, 243 (Tex.Crim.App. 1997). Once the reason for the stop has been satisfied, the stop may not be used as a fishing expedition for unrelated criminal activity. *Id*.

Appellant argues the continued detention for ten to fifteen minutes after the initial purpose of the stop ended was unreasonable. He also contends the decision to detain them to wait for the canine unit was "based upon the nervousness of Appellant and his

---

[1] Appellant does not contest the propriety of the original stop of the vehicle.

passenger and the passenger's response to questions from the officer." Appellant argues nervousness is insufficient to justify detention. We agree that nervousness may be a weak indicator of hidden narcotics. *McQuarters v. State*, 58 S.W.3d 250, 257 (Tex.App.–Fort Worth 2001, pet. ref'd). However, our agreement with appellant ends there.

An officer is generally justified in briefly detaining an individual on less than probable cause for the purposes of investigating possible criminal behavior where the officer can "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Carmouche*, 10 S.W.3d at 328 (citing *Terry v. Ohio*, 392 U.S. 1, 16 (1968)); *see also Mohmed v. State*, 977 S.W.2d 624, 628 (Tex.App.–Fort Worth 1998, pet. ref'd) (an officer is entitled to rely on all of the information obtained during the course of contact with the citizen in developing the articulable facts that would justify a continued investigatory detention). "A stop may not exceed its permissible duration unless the officer has reasonable suspicion of criminal activity . . . if the initial, routine questioning generates reasonable suspicion of other criminal activity, the stop may be lengthened to accommodate its new justification." *Wolf*, 137 S.W.3d at 803-04 (citing *United States v. Portillo-Aguirre*, 311 F.3d 647, 653 (5th Cir. 2002)); *see also McQuarters*, 58 S.W.3d at 260 (stating "additional facts and information discovered by an officer during a lawful detention may form the basis for a reasonable suspicion that another offense has been or is being committed"). In this case, the initial routine questioning of appellant's passenger generated a reasonable suspicion of other criminal activity. *Id*. We lend almost total deference to the trial court's finding that the manner in which the statement "Not on me" came across to Officer Torres provided him an objectively reasonable basis for

4

believing that Ms. DeLeon was indicating to him that there were drugs in the vehicle. *Guzman*, 955 S.W.2d at 89.

A sniff of the outside of a vehicle by a trained canine is not a search within the meaning of the Fourth Amendment. *Mohmed*, 977 S.W.2d at 628. Thus, the temporary detention of a vehicle to allow an olfactory inspection by a police dog trained to detect the odor of illegal drugs is not offensive to the Fourth Amendment when based on a reasonable suspicion that the automobile contains narcotics. *Id*. Under the circumstances present here, Officer Torres held a reasonable suspicion the vehicle contained illegal drugs based on DeLeon's statement.

Overruling appellant's sole issue, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.