

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00567-CR

Gregory Patrick **MCBRIDE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2401
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Marialyn Barnard, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

After his motion to suppress was denied, Gregory Patrick McBride pled nolo contendere

to possessing more than five pounds but less than fifty pounds of marijuana.  The trial court

deferred the adjudication of McBride's guilt and placed him on two years community supervision.

On appeal, McBride asserts the trial court erred in denying his motion to suppress because no

reasonable suspicion existed to support the initial stop of his vehicle and, if reasonable suspicion

did exist, the length of his detention was unreasonable.  We affirm the trial court's judgment.

**STANDARD OF REVIEW**

In evaluating a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *State v. Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015). When, as here, the trial court makes explicit fact findings, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility. *Id*. We review de novo mixed questions of law and fact that do not depend on the evaluation of credibility and demeanor. *Id*.

**REASONABLE SUSPICION TO STOP**

In his first issue, McBride contends no reasonable suspicion existed to support the stop of his vehicle.

"An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied." *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2016). "Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id*. (internal citations omitted).

Failing to signal a left turn continuously for not less than 100 feet before the turn is a traffic offense. TEX. TRANSP. CODE ANN. § 545.104(b) (West 2011). In this case, Officer Fernando DeHoyos testified he stopped McBride's vehicle after he observed McBride fail to signal before making a left-hand turn. In its findings of fact, the trial court explicitly found Officer DeHoyos stopped McBride after observing McBride's "fail[ure] to signal prior to [making] a left-hand turn." In his brief, McBride challenges Officer DeHoyos's credibility and argues Officer DeHoyos's testimony is inconsistent with the other officer who testified. Under the applicable standard of

review, however, we defer to the trial court's determination of historical facts which are supported by the record. Because Officer DeHoyos had reasonable suspicion that McBride committed a traffic offense, McBride's first issue is overruled.[1]

## LENGTH OF DETENTION

In his third issue, McBride argues Officer DeHoyos's testimony that he smelled marijuana did not justify Officer DeHoyos in further detaining him until a K-9 unit arrived. In his second issue, McBride argues the length of his detention was unreasonable.

With regard to McBride's third issue, the smell of marijuana alone is sufficient to constitute probable cause to search a defendant's vehicle. *See Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006); *Moulden v. State*, 576 S.W.2d 817, 818-20 (Tex. Crim. App. 1978); *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). In this case, Officer DeHoyos testified McBride started to quickly exit his vehicle when Officer DeHoyos informed him of the reason for the stop. While patting McBride down for weapons, Officer DeHoyos "noticed the strong burning odor of marijuana coming from the vehicle." After Officer DeHoyos finished patting McBride down, McBride quickly slammed and locked his car door with his remote key. The foregoing justified prolonging the detention and actually gave Officer DeHoyos probable cause to search McBride's car. Instead, after McBride refused to consent to a search of his vehicle, Officer DeHoyos ordered a K-9 unit.

With regard to McBride's second issue, although the length of a detention may render the detention unreasonable, there is no rigid, bright-line time limitation. *Alvarado v. State*, 468 S.W.3d 211, 216 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Parker v. State*, 297 S.W.3d 803, 810

---

[1] In his brief, McBride refers to the traffic stop as a "pretext stop conducted for the sole purpose of searching [his] vehicle." An objectively valid stop is not an unlawful stop even if an officer has an ulterior motive for stopping a car. *Crittenden v. State*, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995); *Overshown v. State*, 329 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

(Tex. App.—Eastland 2009, pet. ref'd); *Belcher v. State*, 244 S.W.3d 531, 539 (Tex. App.—Fort Worth 2008, no pet.). "In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). "A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing." *Id*. In addition, if an officer develops a reasonable suspicion that another violation has occurred during the initial investigation, then the scope of the initial investigation expands to include the new offense. *Goudeau v. State*, 209 S.W.3d 713, 719 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Mohmed v. State*, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd) (holding smell of marihuana after officer stopped vehicle for traffic violation supported reasonable suspicion to investigate drug activity).

Officer DeHoyos testified he smelled the odor of marijuana while frisking McBride for weapons. As a result, Officer DeHoyos developed reasonable suspicion that McBride was in possession of marijuana, justifying an expansion of his investigation. Officer DeHoyos testified it took about twenty to thirty minutes for the K-9 unit to arrive.[2] We hold the delay in waiting for the K-9 unit to arrive was not unreasonable given Officer DeHoyos's reasons for extending the stop. *See Montoy v. State*, No. 06-09-00030-CR, 2009 WL 3426980, at *3 (Tex. App.—Texarkana Oct. 27, 2009, pet. ref'd) (mem. op.) (not designated for publication) (holding fifteen to thirty

---

[2] In his brief, McBride again references discrepancies between Officer DeHoyos's testimony and the testimony of the second officer who testified at the hearing regarding whether the second officer arrived at the scene before or after the K-9 unit. Once again, we defer to the trial court's resolution of conflicts in the evidence as it relates to credibility. The trial court found Officer DeHoyos "smelled the strong odor of marijuana and held [McBride] for a K9 Unit to search the vehicle." Accordingly, the trial court found Officer DeHoyos to be credible.

minute delay to wait for canine unit was not unreasonable); *Wiley v. State*, No. 14-08-00296-CR, 2009 WL 2568321, at *13-14 (Tex. App.—Houston [14th Dist.] Aug. 20, 2009, no pet.) (mem. op.) (not designated for publication) (holding 20 minute wait for canine unit not unreasonable); *Strauss v. State*, 121 S.W.3d 486, 492 (Tex. App.—Amarillo 2003, pet. ref'd) (holding 75 minute delay awaiting canine unit not unreasonable because unit was not immediately available and had to be secured from neighboring community). This is especially true since Officer DeHoyos had probable cause to search the vehicle based on his smelling the marijuana but chose a less intrusive method of search by requesting the K-9 unit. *See United States v. Place*, 462 U.S. 696, 707 (1983) (noting canine sniff is much less intrusive than a typical search); *Mohmed*, 977 S.W.2d at 628 (same). Accordingly, McBride's second and third issues are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH