COUNCIL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-448-CR

RONNIE D. COUNCIL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Ronnie D. Council of possession with intent to deliver cocaine and the trial court sentenced him to twenty-five years confinement.  In his sole point, Appellant complains that the evidence is factually insufficient to establish that he possessed cocaine.  We affirm.

Background

On May 3, 2001, Fort Worth Police Officer Tina Van Houten was parked at a gas station when she saw a blue Chevy Caprice moving faster than the other cars on the street.  When the car passed by, Van Houten pulled in behind it and determined that the car was speeding.  Van Houten turned on her patrol lights to initiate a stop, and the driver of the car, Appellant, stopped his car in front of an abandoned tire store.  The building was completely empty except for a couple of men that were apparently getting the building prepared for a future business.  It had a large bay area with an overhead door that was open and an office area off to one side.

Van Houten testified that Appellant jumped out of his car and walked hurriedly into the building toward the office.  She chased Appellant and caught up with him as he stepped through a doorway from the bay area of the tire shop into the office area.  Van Houten stated that she was within twelve inches of Appellant when she saw Appellant pull a baggie from his pocket and throw it onto the floor of the office.  As soon as the baggie hit the ground, she looked around to see if anyone else was in the office.  Van Houten ascertained that there was no one else in the office area, although there were two or three workers on the opposite side of the building.

Appellant immediately walked back toward his car and Van Houten accompanied him while calling for backup assistance.  Van Houten testified that she maintained a visual on the building to ensure that no one came in contact with the office during the time that she was outside the building with Appellant.  After backup arrived, a Fort Worth Marshal handcuffed Appellant while Van Houten retrieved the baggie from the office floor.  Appellant was arrested for possession of a controlled substance with intent to deliver and taken to jail.  Appellant voluntarily stipulated at trial that the baggie contained 8.27 grams of cocaine.

Although Appellant did not testify, he presented two witnesses who saw Appellant’s car at the tire shop during the events that led to Appellant’s arrest. Tommy Cook, Jr. testified that he saw Appellant’s light blue Chevrolet Caprice parked at the abandoned tire store while he was waiting for a traffic light at a nearby intersection.  Cook stated that no one was in Appellant’s car when he saw a female officer pull up behind it with her patrol lights on.  As the traffic light changed, Cook saw the officer exit her car and run toward the tire shop.

Robert Irick, Sr., Appellant’s work associate, also testified at trial on Appellant’s behalf.  Irick stated that on May 3, 2001, he and Appellant got off work at 3:30 p.m.  They were both driving home from work down the same street and Irick was only a few cars behind Appellant when the incident occurred.  Irick testified that Appellant pulled into the abandoned tire shop and a patrol car followed him, pulling up behind Appellant’s car.  Contradicting the testimony of Cook and Van Houten, Irick stated that the police car did not have its patrol lights on.  Because Irick was driving down the street at the time, he did not observe anything after he saw the patrol car pull up behind Appellant’s car.

Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
,
 or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Discussion

When an accused is charged with unlawful possession of a controlled substance, the State must prove that the defendant exercised actual care, custody, control, or management over the contraband and that he knew the matter possessed to be contraband.  
Tex. Health & Safety Code Ann. §
 481.002(38) (Vernon 2003).  When the accused is not in exclusive possession of the contraband, there must be additional independent facts and circumstances that affirmatively link the accused to the contraband.  
Mohmed v. State
, 977 S.W.2d 624, 627 (Tex. App.—Fort Worth 1998, no pet.).  Affirmative links between a party accused of possession and the contraband may be proved by circumstantial evidence.  
Waldon v. State
, 579 S.W.2d 499, 501-02 (Tex. Crim. App. [Panel Op.] 1979).  Among the factors that may be considered in determining whether an affirmative link exists are:  1) whether the contraband was in plain view; 2) the defendant’s proximity to and the accessibility of the narcotic; 3) whether the defendant attempted to flee; 4) whether the defendant made furtive gestures; 5) whether the place where the drugs were found was enclosed; and 6) whether the conduct of the accused indicated a consciousness of guilt.  
Mohmed
, 977 S.W.2d at 627.  

An analysis of the affirmative link factors confirms a sufficient link between the Appellant and the baggie of cocaine.  The contraband in this case was in plain view of Van Houten when Appellant pulled it out of his pocket and threw it on the floor of an empty and enclosed office.  Appellant’s conduct indicated a consciousness of guilt when he made the furtive gesture of walking away from a police officer and into an abandoned tire store instead of remaining in his car.  Finally, Van Houten testified that she kept an eye on the building after she and Appellant exited the building and confirmed that no one went inside.

Appellant asserts that the evidence is factually insufficient to establish that he possessed cocaine because there are two significant breaks in the link between Appellant and the baggie of cocaine retrieved from the office of the tire store.  The first break, according to Appellant, occurred when Van Houten stopped Appellant and chased him into the tire store.  The second break occurred when Van Houten left the building to follow Appellant to his car.

Appellant relies on two cases to contend that these breaks establish that there was no affirmative link between Appellant and the cocaine.  
White v. State
, 890 S.W.2d 131 (Tex. App.—Texarkana 1994, pet. ref’d); 
Tatum v. State
, 836 S.W.2d 323 (Tex. App.—Austin 1992, pet. ref’d).  In 
White
, the Texarkana Court of Appeals reversed and remanded a conviction for possession of cocaine where the cocaine was found in a boat parked on a vacant lot next to White’s house.  890 S.W.2d at 133-34.  The court determined that without independent facts and circumstances linking the accused to the contraband, there was insufficient evidence to establish an affirmative link to the contraband.  
Id
. at 139.  In 
Tatum
, the Austin Court of Appeals reversed a possession case where a syringe of cocaine was found approximately six feet from Tatum after he abandoned an attempt to flee from a vacant house and stopped running.  836 S.W.2d at 327.  In that case, the officer admitted that he did not see the syringe thrown down, but found it near the place where the appellant raised one hand before stopping.  
Id
. at 324.

Both of these cases are distinguishable from the case at hand because here, Van Houten actually observed Appellant throw the baggie of cocaine on the floor.  Conversely, in 
White 
and 
Tatum
, the appellants were never actually seen in possession of the contraband.  Van Houten testified that she followed Appellant from his car to the office and then back to his car.  After Appellant dropped the baggie on the office floor, Van Houten kept an eye on the office area to ensure that no one else came in contact with that room.  Appellant argues that Cook’s testimony directly controverts Van Houten’s statements that she was close behind Appellant at all times.  Although Cook testified that Appellant’s car was empty when the patrol car pulled up to the tire store, Van Houten and Irick both indicated that Van Houten followed Appellant closely from a traffic light to the tire store.  The jury was free to believe the State’s evidence and to discount contrary evidence, and to resolve any inconsistencies in the testimony.  
McGalliard v. Kuhlmann
, 722 S.W.2d 694, 697 (Tex. 1986).

After reviewing the evidence, we conclude that the evidence is factually sufficient to support Appellant’s conviction. 

Conclusion

Accordingly, we overrule Appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL B: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH  

Tex. R. App. P. 
47.2(b)

DELIVERED: October 16, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.