Gagliano v. SOT
















NUMBER 13-02-00677-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

BARBARA DIANE GAGLIANO,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          After a bench trial, the trial court found appellant, Barbara Diane Gagliano, guilty of
the offense of possession of methamphetamine, a controlled substance listed in Penalty
Group 1, weighing 400 grams or more,


 and assessed her punishment at twenty years
imprisonment and a $10,000 fine. The trial court has certified that this “is not a plea-bargain case, and the defendant has the right to appeal.” See Tex. R. App. P. 25.2(a)(2). 
In two issues, appellant contends: (1) the trial court erred in denying her motion to
suppress; and (2) the evidence is insufficient to support the trial court’s finding that she
intentionally and knowingly possessed the controlled substance. We affirm.
A. Background
          On December 14, 2001, at approximately 8:00 p.m., Department of Public Safety
(“DPS”) Trooper Philip Gonzalez stopped appellant for a traffic violation on U.S. Highway
77 in San Patricio County. Gonzalez approached the driver’s side door, identified himself,
and asked appellant to step to the rear of the vehicle with her driver’s license. He noticed
two infant children in car seats in the backseat. He also smelled automotive “Bondo”



emanating from the interior of the vehicle.
          As appellant exited the vehicle, Gonzalez explained that he had stopped her for
following another vehicle too closely, explaining reaction times, speed and distance. As
Gonzalez went to his vehicle to write a warning ticket and run appellant’s driver’s license
to check for outstanding warrants, he noticed appellant leaning over the trunk area of the
vehicle. He returned to appellant’s vehicle with the warning ticket, explained the warning
to appellant, and had appellant sign it. Gonzalez then asked permission to search the
vehicle. Appellant did not object to the search. Behind a false wall in the trunk of
appellant’s car, Gonzalez found eight bundles, weighing approximately fourteen kilograms,
of a substance later determined to be methamphetamine.
 

B. Motion to Suppress
          In her first issue, appellant contends the trial court erred in not granting her motion
to suppress. We review a trial court’s ruling on a motion to suppress evidence by an
abuse-of-discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). The trial judge, as the trier of fact, is the sole judge of the credibility of witnesses
and the weight to be given their testimony. Allridge v. State, 850 S.W.2d 471, 492 (Tex.
Crim. App. 1991); Owens v. State, 875 S.W.2d 447, 450 (Tex. App.–Corpus Christi 1994,
no pet.). In reviewing a motion to suppress, we view the evidence in the light most
favorable to the trial court’s ruling. Owens, 875 S.W.2d at 450. Despite the deference
afforded a trial court’s determination of historical facts supported by the record and to fact
findings based on credibility, appellate courts may review de novo mixed questions of law
and fact which do not turn on matters of witness credibility. Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997). Because the issues in this case do not turn on the
evaluation of credibility and demeanor, but rather whether the trooper had reasonable
suspicion to stop and detain appellant, we review the trial court's ruling de novo. State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman, 955 S.W.2d at 89.
1. Applicable Law 
          Both the federal and state constitutions protect citizens against unreasonable
searches and seizures. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Terry v. Ohio, 392
U.S. 1, 20 (1968). The stopping of a vehicle and the detention of its occupants is a seizure
within the meaning of the Fourth Amendment. United States v. Shabazz, 993 F.2d 431,
434 (5th Cir.1990). The United States Supreme Court has developed the following two-pronged test to determine whether an investigative detention was reasonable: (1) whether
the officer's action was justified at its inception; and (2) whether it was reasonably related
in scope to the circumstances that justified the initial interference. Terry, 392 U.S. at 19-20.
          The first prong of Terry requires the officer to show specific and articulable facts
which, when taken along with rational inferences from those facts, reasonably warrant the
intrusion. Id. at 21. This is an objective standard that considers whether facts available
to the officer at the moment of the search would cause a person of reasonable caution to
believe the action taken was appropriate. Id. at 21-22. An investigative detention not
based on reasonable suspicion is unreasonable, and thus, violates the Fourth Amendment. 
Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).
          The second prong of Terry deals with the scope of the detention. Under Terry, the
investigative detention "must, like any other search, be strictly circumscribed by the
exigencies which justify its initiation." Terry, 392 U.S. at 25-26. An investigative detention
must be temporary and last no longer than is necessary to effectuate the purpose of the
stop. Davis, 947 S.W.2d at 243. Thus, once the reason for the stop has been satisfied,
the stop may not be used as a “fishing expedition for unrelated criminal activity.” See Ohio
v. Robinette, 519 U.S. 33, 41 (1996).
          However, any constitutional or statutory protection is waived when an individual
consents to a search. Juarez v. State, 758 S.W.2d 772, 775 (Tex. Crim. App. 1988);
Henson v. State, 915 S.W.2d 186, 193 (Tex. App.–Corpus Christi 1996, no pet.). A
consent to search may be oral and still be valid. Manda v. State, 744 S.W.2d 15, 25 (Tex.
Crim. App. 1987). When validity of consent is at issue, the State bears the burden of proof
by clear and convincing evidence that the consent was freely and voluntarily given. Juarez,
758 S.W.2d at 775; Henson, 915 S.W.2d at 193. This burden requires the prosecution to
show that the consent was positive and unequivocal, and there must not be duress or
coercion, actual or implied. Juarez, 758 S.W.2d at 775; Henson, 915 S.W.2d at 193. 
Voluntariness is a question of fact to be determined from the totality of the circumstances. 
Weeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985).
2. Analysis
          Appellant contends the trial court erred in not granting her motion to suppress
because: (1) the DPS trooper did not have reasonable suspicion to stop her vehicle; (2)
even if the trooper’s stop was not a pretextual stop, the traffic stop was completed when
the trooper issued and delivered the warning ticket to her; and (3) the evidence obtained
was a result of the illegal detention and should be suppressed as fruit of the poisonous
tree.
a. Reasonable Suspicion for the Stop
          Appellant contends Trooper Gonzalez failed to satisfy the first prong of the Terry
analysis – that an officer’s actions must be justified at the inception of the detention. When
a police officer stops a defendant without a warrant and without the defendant's consent,
the State has the burden at a suppression hearing of proving the reasonableness of the
stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986); Hernandez v. State,
983 S.W.2d 867, 869 (Tex. App.–Austin 1998, pet. ref'd). If an officer observes an actual
violation of law, probable cause exists for the traffic stop. McVickers v. State, 874 S.W.2d
662, 664 (Tex. Crim. App. 1993). Law enforcement officials are free to enforce the laws
and detain a person for that violation. Id.
          Trooper Gonzalez stopped appellant for following another vehicle too closely, a
violation of section 545.062 of the Texas Transportation Code. See Tex. Transp. Code
Ann. § 545.062 (Vernon 1999). Section 545.062 provides, in relevant part: “an operator
shall, if following another vehicle, maintain an assured clear distance between the two
vehicles so that, considering the speed of the vehicles . . . the operator can safely stop
without colliding with the preceding vehicle. . . .” Id. In Gonzalez’s opinion, appellant was
approximately one car length behind an eighteen-wheel truck/tractor and would not have
been able to avoid an accident if the eighteen-wheeler had slammed on its brakes. Thus,
we conclude Gonzalez had reasonable suspicion to justify the stop.
b. Completion of Traffic Stop
          Appellant contends the traffic stop was over after Trooper Gonzalez gave her the
warning ticket, and any evidence obtained thereafter was the result of an illegal detention. 
In other words, appellant claims that Gonzalez’s conduct violated the second prong of
Terry by exceeding the scope of the initial reason for her detention.
          In Ohio v. Robinette, 519 U.S. at 39-40, the United States Supreme Court held that
a continued detention and request to search a detainee’s vehicle following a traffic stop
was reasonable, where consent was freely given, even though no circumstances were
noted that would have constituted reasonable suspicion of criminal activity. The Texas
Court of Criminal Appeals found an officer’s conduct to be unreasonable where the officer
detained an individual that had refused to consent to a search. See Davis, 947 S.W.2d at
241. The Houston Fourteenth Court of Appeals has interpreted this to mean that “an
officer may request consent to search a vehicle after a completed traffic stop but may not
detain the occupants or vehicle further if such consent is refused, unless reasonable
suspicion of some criminal activity exists.” Simpson v. State, 29 S.W.3d 324, 328 (Tex.
App.–Houston [14th Dist.] 2000, pet. ref’d). Thus, the focus of the inquiry turns on the
voluntariness of the detainee’s consent. 
          Trooper Gonzalez testified that after he gave appellant a warning ticket, he asked
her if he could search her vehicle. Appellant did not object to the search. Appellant does
not contend that she did not willingly consent to the search. In fact, her testimony, in its
entirety, is as follows:
Defense Counsel:              What is your name?
 
Appellant:                           Barbara Diane Gagliano
 
Defense Counsel:              And you’re the Defendant in this case, aren’t
you,
 
Appellant:                           Yes, sir.
 
Defense Counsel:              the one that was arrested? On the way to the
jail after the officer had turned his speaker – his
recorder off, did you hear the officer make a
phone call?
Appellant:                           Yes, sir.
 
Defense Counsel:              And what did you hear him say?
 
Appellant:                           He made a phone call. I’m not sure who he
made the call to. He stated, “I’m going to be
late for dinner, that – I got the car.” And I don’t
know what that person said. And he replied,
“Yes, the one.”
 
Defense Counsel:              The what?
 
Appellant:                           He said, “Yes, that one.”
 
Defense Counsel:              Pass the witness.
 
Prosecutor:                        I don’t have any questions, Your Honor.
 
There is no evidence of any objection to the search or to the methods employed in
conducting the search. Therefore, the uncontradicted testimony is that appellant did, in
fact, willingly and freely give Gonzalez permission to search her vehicle.
          Because appellant gave Gonzalez her voluntary consent to search the vehicle, we
conclude he legally detained appellant. Thus, appellant’s Fourth Amendment right against
unlawful searches and seizures was not violated. Accordingly, we conclude the State
proved by clear and convincing evidence that appellant freely and voluntarily consented
to the search.
                                         C. Legal Sufficiency of Evidence
          In her second issue, appellant contends the evidence is insufficient to support the
trial court’s finding that she intentionally and knowingly possessed the methamphetamine. 
Appellant does not specify whether she is challenging the legal or factual sufficiency of the
evidence, and she does not discuss the standard of review for this issue.
          Because the relief requested by appellant, an acquittal, is consistent only with a
legal sufficiency challenge, we construe this issue as a challenge to the legal sufficiency
of the evidence. Accordingly, we will not review the record for factual sufficiency. See
Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim. App. 2000) (conducting only a legal
sufficiency review where defendant requests an acquittal and does not adequately brief
factual sufficiency).
1. Standard of Review
          When we conduct a legal sufficiency review, we must examine the evidence
presented in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex.
Crim. App. 2000). In making this determination, we consider all the evidence admitted that
will sustain the conviction, including improperly admitted evidence. Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001). Questions concerning the credibility of the
witnesses and the weight to be given their testimony are to be resolved by the trier of fact. 
Morley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). The trier of fact “as the sole
judge of the weight and credibility of the evidence” is free to accept or reject any evidence
“even if that evidence was uncontradicted.” Walkerton v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981)). 
Evidence is not rendered insufficient when conflicting evidence is introduced. Machete v.
State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing court must assume
that the fact finder resolved conflicts, including conflicting inferences, in favor of the verdict,
and must defer to that resolution. Id.
          We measure the legal sufficiency of the evidence in a non-jury trial by the elements
of the offense as defined by a hypothetically correct jury charge for the case. See Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129 S.W.3d 267,
271-72 (Tex. App.–Corpus Christi 2004, no pet.). This hypothetically correct jury charge
is one that sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is tried. Malik, 953
S.W.2d at 240; see also Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We
believe the ‘law’ as ‘authorized by the indictment’ must be the statutory elements of the
offense . . . as modified by the charging instrument.”).
2. Applicable Law
          Under section 481.115 of the Texas Health and Safety Code a person commits the
offense of possession of a controlled substance, if the person knowingly or intentionally
possesses a controlled substance listed in Penalty Group 1, unless the person obtained
the substance directly from or under a valid prescription or order of a practitioner acting in
the course of professional practice. Tex. Health & Safety Code Ann. § 481.115 (Vernon
2003). Thus, the State had the burden of proving that appellant intentionally and knowingly
possessed methamphetamine, a controlled substance listed in Penalty Group 1, in an
amount of 400 grams or more aggregate weight, including adulterants and dilutants.
          To establish the unlawful possession of a controlled substance, the State must
prove that: (1) the accused exercised care, control, and management over the contraband;
and (2) the accused knew the matter possessed was contraband. McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985); Egbert v. State, 848 S.W.2d 261, 266 (Tex.
App.–Corpus Christi 1993, pet. ref’d). The evidence must show that appellant was
conscious of the contraband and knew what it was. Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). The evidence used to satisfy the elements of an offense can be 
direct or circumstantial; yet, it must nevertheless be adequate to illustrate, “the requisite
level of confidence, that the . . . connection with the drug was more than just fortuitous.”
Brown, 911 S.W.2d at 747; Poindexter v. State, 115 S.W.3d 295, 298 (Tex. App.–Corpus
Christi 2003, pet. filed). Proof may be inferred from all the circumstances surrounding the
situation. See Castellon v. State, 810 S.W.2d 800, 807 (Tex. App.–Austin 1991, no pet.).
          To prove possession was intentional or knowing, the evidence must affirmatively link
appellant to the contraband alleged to be possessed. Caesium v. State, 988 S.W.2d 244,
247 (Tex. App.–Texarkana 1998, pet. ref’d). Among the factors to be considered in
determining whether an affirmative link exists are: (1) appellant's presence when the
search warrant was executed; (2) whether the contraband was in plain view; (3) appellant's
proximity to and the accessibility of the narcotic; (4) whether appellant was under the
influence of narcotics when arrested; (5) whether appellant possessed other contraband
or narcotics when arrested; (6) whether appellant made incriminating statements when
arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive
gestures; (9) whether there was an odor of the contraband; (10) whether other contraband
or drug paraphernalia were present; (11) whether appellant owned or had the right to
possess the place where the drugs were found; (12) whether the place where the drugs
were found was enclosed; (13) whether appellant was the driver of the automobile in which
the contraband was found; (14) whether appellant was found with a large amount of cash;
and (15) whether the conduct of the appellant indicated a consciousness of guilt. 
Mohamed v. State, 977 S.W.2d 624, 627 (Tex. App.–Fort Worth 1998, pet. ref’d). No set
formula exists to define the sufficiency of the affirmative link to support an inference of
knowingly or intentionally possessing contraband; the determination depends on the facts
of each case. Reid v. State, 749 S.W.2d 903, 905 (Tex. App.–Dallas 1988, pet. ref’d).
 

3. Analysis
          At trial, Trooper Gonzalez testified that appellant told him she had purchased the
vehicle for approximately $2,000 three weeks before the stop, and the vehicle belonged
to her. After obtaining appellant’s consent to search the vehicle, Gonzales observed an
“after-market” wall in the trunk. After removing clothes and a large speaker box, he was
able to remove the wall and found eight bundles of methamphetamine.
          The State also introduced an insurance policy for appellant’s vehicle with an
effective date of November 29, 2001, and an expiration date of December 29, 2001, paid
for by appellant. Appellant admitted purchasing the insurance policy for the vehicle. She
said she had approximately $400 in her possession when she was arrested. Appellant
placed her bags in the trunk of the vehicle before the trip, and she was the only adult in the
vehicle.
          The evidence shows the following affirmative links between the methamphetamine
and appellant: (1) appellant’s recent purchase of the vehicle containing the contraband; 
(2) the strong odor of “Bondo” emanating from within appellant’s vehicle; (3) appellant
having come in contact with the trunk while packing her baggage; (4) the procurement of
a one month insurance policy for the vehicle; (5) appellant being the only adult in control
of the vehicle; (6) appellant was not truthful when Gonzalez asked about her criminal
history; and (7) the large amount of methamphetamine found in appellant’s vehicle.
          We conclude this evidence directly and circumstantially establishes appellant’s
caring, custody, control and knowledge of the controlled substance. Each factor
affirmatively links appellant to possession of the methamphetamine.
          Viewing the evidence in the light most favorable to the verdict and measuring the
legal sufficiency of the elements of the offense as defined by a hypothetically correct jury
charge, we conclude that any rational trier of fact could have found beyond a reasonable
doubt that appellant was aware of the nature of her conduct and that she intentionally and
knowingly possessed a controlled substance. See Jackson, 443 U.S. at 319. Accordingly,
we hold the evidence is legally sufficient to sustain appellant’s conviction. Appellant’s
second issue is overruled.
          The judgment of the trial court is affirmed.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Concurring Memorandum Opinion by Justice Castillo.

Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 27th day of August, 2004.