**1979 PONTIAC AUTOMOBILE (Billy Mack Walker, Jr.), Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 11–97–00414–CV.**

Court of Appeals of Texas, Eastland.

Sept. 10, 1998.

**242**

Joshua M. Webber, Dallas, for appellant.

Gregory Alan Willis, Julie Breedlove, Tom O'Connell, Criminal District Attorney's Office, McKinney, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION

ARNOT, Chief Justice.

This is an appeal from a civil forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure.[1] After a bench trial, the trial court ordered that a 1979 Pontiac automobile be forfeited to the State and that $450 be returned to Billy Mack Walker, Jr., the party in interest. We affirm.

Forfeiture proceedings of seized property are civil in nature. Article 59.05(b). When findings of fact and conclusions of law are neither filed nor requested, the appellate court must presume that the trial court made all the necessary findings to support the judgment. *$162,950 in Currency of the United States v. State*, 911 S.W.2d 528 (Tex. App.—Eastland 1995, writ den'd). We must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *$162,950 in Currency of the United States v. State, supra*. In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, that the property is subject to forfeiture. Articles 59.02(a) and 59.05(b).

On August 10, 1996, Plano police officers were called to a motel to investigate a possible narcotics sale in one of the guest rooms. Officer Mike McCreary testified that he and another officer located the room but did not observe any activity around it. The officers then spoke with the motel manager who said that the occupant of the room requested that the police come to the room. Officer McCreary stated that Walker stepped out of the room quickly and shut the door behind him. While the officers were investigating Walker's complaints, Walker and another person left the motel in a gray Pontiac. Officer McCreary gave the description of the vehicle to other officers.

Sergeant Kelly Brunson testified that he observed the vehicle commit two traffic violations. Sergeant Brunson initiated a traffic stop on the vehicle. Sergeant Brunson called dispatch to verify Walker's driver's license and to check for outstanding warrants for

---

1. TEX. CODE CRIM. PRO. ANN. art 59.01 et   seq. (Vernon Supp.1998).

Walker and the passenger. While he was waiting for the returns from dispatch, Sergeant Brunson called the canine unit to the scene.

Officer Glen Harris testified that he arrived at the scene within seconds of Sergeant Brunson's call. Officer Harris had the drug detection dog conduct an exterior sweep of the vehicle, and the dog alerted on the driver's side door. The canine sweep of the vehicle lasted "[a] few seconds." Officer Harris then searched the vehicle and found a can that contained small plastic baggies with white residue on them, needles, packages of rolling papers, and a marihuana pipe. Officer Harris also found a silver case that contained four bags of narcotics and scales. Walker was placed under arrest for possession of amphetamine. The officers then received information that the passenger of the vehicle had outstanding warrants, and the passenger was placed under arrest.

In his sole point of error, Walker argues that the trial court erred in forfeiting the vehicle because the officers lacked "reasonable suspicion" to detain him for a canine sweep of the vehicle. Walker contends that a police officer can only detain a person for a canine sweep if the officer has a "reasonable suspicion" that the person may possess narcotics, citing as authority *Davis v. State*, 947 S.W.2d 240 (Tex.Cr.App.1997), and *Crockett v. State*, 803 S.W.2d 308 (Tex.Cr.App.1991). We disagree.

■ Detention by the police may arise from different circumstances. First, when an offense such as a traffic violation is committed within an officer's view, the officer may lawfully stop and detain the person for the traffic violation. *McVickers v. State*, 874 S.W.2d 662 (Tex.Cr.App.1993). During such a valid traffic stop, an officer may demand identification, a valid driver's license, and proof of insurance from the driver and may also check for outstanding warrants. *Davis v. State, supra* at 245 n. 6.

■ This investigative detention, based upon a valid traffic stop, is the type of detention in the case before us. Sergeant Brunson lawfully stopped Walker for committing two traffic violations. While Walker was detained by the officer to verify his driver's license and check for outstanding warrants, the drug detection dog arrived and alerted on Walker's vehicle. A canine sweep does not constitute a search within the meaning of the fourth amendment of the United States Constitution. *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).[2] Walker was placed under arrest for possession of amphetamine before the officer received the information that the passenger had outstanding warrants.

■ The second type of detention occurs after the police have had an opportunity to investigate the possibility that an offense has been committed. Once he has determined that no offense has been committed, then the officer may not unreasonably detain the suspect. The court in *Davis* addressed this type of post-investigative detention.

In *Davis*, the defendant was stopped for suspicion of driving while intoxicated. The police officers determined that the defendant was not intoxicated but continued to detain him because they did not believe the defendant's explanation of his whereabouts. There was no odor of alcohol or any type of drug emanating from the vehicle. The officers conducted a pat-down search of the defendant but found no weapons or illegal drugs. The officers told the defendant that he was free to leave but that the vehicle was being detained for an on-scene investigation. The court held that the officers lacked "reasonable suspicion" to continue to detain either Walker or the vehicle for the arrival of the canine unit after the purpose for the valid stop had been effectuated. *Davis v. State, supra.*

■ A third type of detention may result from what is known as a *Terry* [3] stop. In *Terry*, the Court recognized that there may

---

**2.** In *United States v. Place, supra,* the Court held that the standards set out in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), apply when officers detain luggage to allow a canine sweep.

**3.** *Terry v. Ohio, supra.*

be circumstances short of probable cause which may justify temporary detention for purposes of investigation. To justify the limited intrusion, on an individual's personal security as contemplated by *Terry*, the officer must have a reasonable, articulable suspicion that the person is, has been, or is about to be engaged in criminal activity. *Terry v. Ohio*, *supra*. In *Crockett*, the court addressed the detention resulting in a *Terry* stop.[4]

In *Crockett*, police officers were at a train station "looking for narcotics" and observed the defendant acting in a suspicious manner. The officers unreasonably detained the defendant because they believed he was transporting illegal drugs. A drug detection dog smelled the defendant's luggage and responded in such a way that the officer believed the bags contained narcotics. The officers searched the bags and found a large amount of marihuana. The court in *Crockett* held that the officers lacked reasonable suspicion to detain the defendant. *Crockett v. State*, supra.

In the present case, the canine sweep and the seizure of the vehicle occurred during a lawful investigation pursuant to a valid traffic stop. Walker was not unreasonably detained while the investigation was completed. *Davis* and *Crockett* do not apply. Every canine sweep does not necessitate a showing of "reasonable suspicion." Since Walker was being detained for a valid traffic stop at the time of the canine sweep, no "reasonable suspicion" was required for the canine sweep of the exterior of Walker's vehicle. *United States v. Morales–Zamora*, 914 F.2d 200 (10th Cir.1990); S.f. *Mohmed v. State*, 977 S.W.2d 624 (Tex.App.—Fort Worth, 1998). The trial court did not err in forfeiting the 1979 Pontiac to the State. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

4. We note that the Supreme Court has likened a traffic stop to a *Terry* stop because of the temporariness of the detention. *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).