11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Charles Edward Thompson

Appellant

Vs.                   No.
11-02-00360-CR B Appeal from Taylor County

State of Texas

Appellee

 

After the
trial court denied appellant=s pretrial motion to suppress evidence, appellant pleaded no contest to
possession of less than one gram of cocaine. 
The trial court found appellant guilty and assessed his punishment at
confinement in the Taylor County Jail for one year.  Appellant appeals the denial of his pretrial motion.  We affirm.

The trial
court made the following findings of fact and conclusions of law:

                                                FINDINGS
OF FACT

 

1.  The Defendant was stopped by Officer Pedro
Moncada for the traffic violations of failing to come to a complete stop at an
intersection and driving a vehicle with an expired license plate.

 

2.  Officer Moncada watched the Defendant while
an officer who had been called to the scene conducted a free air sniff of the
vehicle with a canine.

 

3.  After receiving a positive alert from the
canine, Officer Moncada searched the Defendant.

 

4.  The Defendant was not arrested at that time,
but the items seized from the Defendant led to his later arrest and indictment
with this offense.

 

5.  During the time in between the initial stop
and the arrival of the canine unit, Officer Moncada took no steps to pursue the
traffic violations and was detaining the Defendant based upon his criminal
history relating to drugs.

 

6.  Officer Moncada watched the canine unit
searching the vehicle.

 

7.  No drugs were found in the vehicle.

 

8.  During a routine check of the Defendant=s driver=s license, Officer Moncada discovered that the Defendant had been cited
numerous times for drug offenses.








 

9.  The Defendant=s criminal history was such that Officer Moncada could not receive a
full report from his in-car computer system.

 

10.  Officer Moncada asked his dispatch to run a
complete criminal history on the Defendant.

 

11.  Officer Moncada had not received the full Areturn@ on the Defendant=s criminal history when the canine unit arrived.

 

12.  The elapsed time between the initial call
for the canine unit and the arrival of the canine unit was approximately five
minutes.

 

                                            CONCLUSIONS
OF LAW

 

1.  Officer Moncada had probable cause to stop
the vehicle being driven by the Defendant based upon his violation of the
traffic laws.

 

2.  The canine unit was called to the scene
during the course of a lawful traffic stop.

 

3.  The positive alert by the canine unit
conducting a free air sniff of Defendant=s vehicle gave Officer Moncada probable cause to search the Defendant.

 

At a
suppression hearing, the trial court is the sole judge of the credibility of
the witnesses and of the weight to be given their testimony.  The trial court may believe or disbelieve
all or any part of a witness=s testimony.  The trial court=s finding should not be disturbed absent a
clear abuse of discretion.  Meek v.
State, 790 S.W.2d 618, 620 (Tex.Cr.App.1990).  As long as they are supported by the record, we afford almost
total deference to a trial court=s findings of historical fact.  Herron
v. State, 86 S.W.3d 621, 627 (Tex.Cr.App.2002).  Furthermore, we defer to a trial court=s application-of-law-to-fact rulings if they
turn on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997).

In a
similar situation, this court in 1979 Pontiac Automobile v. State, 988
S.W.2d 241, 243  (Tex.App. - Eastland
1998, no pet=n), stated:








Detention
by the police may arise from different circumstances.  First, when an offense such as a traffic violation is committed
within an officer=s
view, the officer may lawfully stop and detain the person for the traffic
violation.  McVickers v. State,
874 S.W.2d 662 (Tex.Cr.App.1993). 
During such a valid traffic stop, an officer may demand identification,
a valid driver=s license, and proof of insurance from the
driver and may also check for outstanding warrants.  Davis v. State, [947 S.W.2d 240, 245 n.6
(Tex.Cr.App.1997)].

 

                                                *   *  
*

 

In the
present case, the canine sweep and the seizure of the vehicle occurred during a
lawful investigation pursuant to a valid traffic stop.  Walker was not unreasonably detained while
the investigation was completed.  Davis
and Crockett [v. State, 803 S.W.2d 308 (Tex.Cr.App.1991)] do not
apply.  Every canine sweep does not
necessitate a showing of Areasonable suspicion.@  Since Walker was being
detained for a valid traffic stop at the time of the canine sweep, no Areasonable suspicion@ was required for the canine sweep of the
exterior of Walker=s
vehicle.  United States v.
Morales-Zamora, 914 F.2d 200 (10th Cir. 1990); S.f. Mohmed v. State,
977 S.W.2d 624 (Tex.App. - Fort Worth, 1998).

 

The last
two findings of fact by the trial court are significant.  The arresting officer had not received the Afull@ return of appellant=s criminal history when the canine unit arrived.  The elapsed time between the initial call
for the canine unit and the arrival of the canine unit was approximately five
minutes.

Appellant
has failed to show that the trial court erred in denying his motion to
suppress.  Appellant was being detained
because of a valid traffic stop.  At the
time of the canine sweep, the officer was waiting for the results of appellant=s full criminal history.  Appellant was not unreasonably detained
while the investigation was being completed. 
Under these circumstances, reasonable suspicion was not required prior
to calling for a drug detection dog.

We
overrule appellant=s
argument that his rights under the Fourth Amendment to the U.S. Constitution
and Article I, section 9 of the Texas Constitution were violated.

The
judgment of the trial court is affirmed.

 

September 4, 2003                                                                   AUSTIN
McCLOUD

Do not publish.  See TEX.R.APP.P. 47.2(b).                            SENIOR
JUSTICE

Panel consists of:
Wright, J., and

McCall, J., and McCloud,
S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.