11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charles
Lee King

Appellant

Vs.                   No. 
11-02-00278-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

The trial court convicted Charles Lee King of
possession of cocaine.  The trial court
found the enhancement paragraphs to be true and assessed punishment at eight
years confinement.  We affirm.  








In his sole issue on appeal, appellant argues that
the trial court erred in denying his motion 
to suppress evidence.  We review a
trial court=s denial
of a motion to suppress for abuse of discretion.  Oles v. State, 993 S.W.2d 103, 106
(Tex.Cr.App.1999).  In reviewing a trial
court=s ruling
on a motion to suppress, appellate courts must give great deference to the
trial court=s
findings of historical fact as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  We must afford the
same amount of deference to the trial court=s
rulings on Amixed
questions of law and fact,@
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at 89.  Appellate courts, however, review de novo Amixed questions of law and fact@ not falling within the previous
category.   Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling Aturns@
on an evaluation of credibility and demeanor. 
Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998).  A question Aturns@ on an evaluation of credibility and
demeanor when the testimony of one or more witnesses, if believed, is always
enough to add up to what is needed to decide the substantive issue.  Loserth v. State, supra. We must view
the record in the light most favorable to the trial court=s ruling and sustain the trial court=s ruling if it is reasonably correct on
any theory of law applicable to the case. 
Guzman v. State, supra.  

At the hearing on appellant=s
motion to suppress, Officer Ismael Jaimes, with the Abilene Police Department,
testified that on July 14, 2001, he stopped the vehicle appellant was driving
because the Alicense
plate tags@ were
expired.  Officer Jaimes stated that,
when he approached the vehicle, the passenger was shaking and appeared to hide
something underneath the seat of the car. 
Officer Jaimes testified that he obtained appellant=s driver=s
license and the passenger=s
driver=s license
to check for outstanding warrants. 
Officer Jaimes called for assistance and for a canine unit to come to
the scene.  Officer Jaimes testified that
he then asked appellant to get out of the car and that he began writing the
citation for the traffic offense.  The
canine unit arrived while Officer Jaimes was writing the citation. 

Officer Jaimes testified that he asked the
passenger to get out of the vehicle. 
When she got out of the vehicle, a Acrack
pipe@ and a
lighter fell out of her lap.  Officer
Jaimes then asked appellant for consent to search his person, and appellant
agreed.  Officer Jaimes asked appellant
to take off his shoes.  Officer Jaimes
testified that, when taking off his shoe, appellant Apulled
out what looked like a crack pipe...and with the other hand or elbow he pushed
[Officer Jaimes] so that [Officer Jaimes] couldn=t
get the crack pipe, and threw the crack pipe.@  Officer Jaimes placed appellant under arrest
and put him in the patrol car. Officer Jaimes seized the item that appellant
threw, and it was determined to be a crack pipe.  Officer Jaimes testified that he found a Awhite rock substance@ in the vehicle which was determined to
be crack cocaine. 

Appellant testified at the hearing on his motion
to suppress that, after Officer Jaimes stopped him, he gave Officer Jaimes his
driver=s license
and vehicle registration.  Appellant said
that Officer Jaimes returned to his patrol car and that appellant believed he
had written a ticket.  Officer Jaimes
then approached appellant=s
vehicle and asked appellant to get out of the vehicle.  Appellant complied, and Officer Jaimes asked
if appellant had any drugs or weapons. 
Appellant responded that he did not. 
Appellant testified that Officer Jaimes asked him to stand to the side
and that he believed Officer Jaimes was through writing the ticket and was Ajust talking@
to him.   Appellant testified that
approximately 20 to 30 minutes had elapsed at this time. 








Appellant testified that the canine unit arrived
and that Officer Jaimes then asked the passenger to get out of the
vehicle.  Appellant stated that, when the
passenger got out of the vehicle, a crack pipe fell out of her lap.  Appellant testified that he gave Officer
Jaimes consent to search him and that he did have a crack pipe in his
shoe.  While he did throw the crack pipe,
appellant stated that he did not push Officer Jaimes. 

Appellant specifically argues that his detention
was not based upon reasonable suspicion and that the Acocaine
taken from his shoe when he was searched should have been suppressed.@ 
Appellant does not complain that the original stop based upon the
expired Alicense
plate tags@ was
improper; but, rather, he argues that the officer did not have reasonable suspicion
of criminal activity to justify his further detention.  A traffic stop must be temporary and last no
longer than is necessary to effectuate the purpose of the stop.   Florida v. Royer, 460 U.S. 491
(1983); Davis v. State, 947 S.W.2d 240 (Tex.Cr.App.1997).   During a traffic stop, it is reasonable for
an officer to check for outstanding warrants and demand identification, a valid
driver=s
license, and proof of insurance from the driver.  Davis v. State, supra. Once an officer
concludes the investigation of the conduct that initiated the stop, continued
detention of a person is permitted only if there is reasonable suspicion to
believe another offense has been or is being committed.  Davis v. State, supra at 245.  

Officer Jaimes testified that appellant was still
being detained pursuant to the traffic violation when the canine unit
arrived.  Appellant testified that he
believed Officer Jaimes had already written a ticket for the traffic violation
before the canine unit arrived.  However,
appellant did not testify that he received a ticket before the canine unit
arrived. The trial court did not make explicit findings of historical fact, so
we review the evidence in a light most favorable to the trial court=s ruling.  Walter v. State,  28 S.W.3d 538 (Tex.Cr.App.2000).  The canine unit arrived while appellant was
lawfully detained pursuant to a valid traffic stop.  Before a canine sweep was conducted,
appellant consented to a search of his person. 
Appellant  was not unreasonably
detained while the investigation was completed. 
See 1979 Pontiac Automobile v. State, 988 S.W.2d 241 (Tex.App. -
Eastland 1998, no pet=n);
C.f. Mohmed v. State, 977 S.W.2d 624 (Tex.App. - Fort Worth 1998, no pet=n).








In Walter v. State, supra, while the
defendant was detained for a traffic violation and warrant check, the officer
called for the canine unit.  The court found
that the canine search was Anot
a cause of detention@
but stated that, Afor
purposes of this opinion, we will assume, as the parties do, that reasonable
suspicion is required for a canine sniff.@  Walter v. State, supra at 542.  Therefore, assuming that reasonable suspicion
was required for the canine search, we find that Officer Jaimes had a
reasonable suspicion to believe that another offense had been or would be
committed.  Officer Jaimes testified that
the passenger of the vehicle was shaking very badly and  that she Awas
going underneath the seat, which looked like she was hiding something or trying
to get something.@  The passenger=s
nervous behavior and furtive gestures were sufficient to give Officer Jaimes
reasonable suspicion to continue the detention. 
See Green v. State, 93 S.W.3d 541 (Tex.App. - Texarkana 2002, pet=n ref=d);
see also Zervos v. State, 15 S.W.3d 146 (Tex.App. - Texarkana 2000, pet=n ref=d).  The trial court did not err in denying
appellant=s motion
to suppress evidence.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

February 5, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and 

Wright,
J., and McCall, J.