**Opinion filed April 8, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00042-CR
_____

**STATE OF TEXAS, Appellant**

**V.**

**CHRISTOPHER ROBERT CLARK, Appellee**

**On Appeal from the County Court at Law No. 1**
**Taylor County, Texas**
**Trial Court Cause No. 1-1363-08**

### O P I N I O N

The State of Texas appeals from the granting of Christopher Robert Clark's motion to suppress evidence, which he presented in the underlying case in which he is charged with the offense of driving while intoxicated. In its sole point, the State urges that the trial court abused its discretion in granting Clark's motion to suppress. We reverse the order granting Clark's motion to suppress and remand for further proceedings consistent with this opinion.

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). We review the evidence in the light most favorable to the trial court's ruling. *Id.* When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling,

supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. We will sustain the trial court's decision if it is correct on any theory of law applicable to the case. *Swain*, 181 S.W.3d at 365.

Clark contended in his motion to suppress that the arresting officer violated his constitutional and statutory rights, urging that he did not violate any law that would cause reasonable suspicion on the part of the officer to justify the officer in stopping and detaining him. The arresting officer, Sergeant Eric Katona of the Abilene Police Department, testified at the hearing on Clark's motion to suppress that he and Sergeant McKeever were on patrol at about 3:20 a.m. when they heard what sounded like a very loud screeching of tires. He said that, within two blocks, he observed a pickup that was not moving except for the back tires, which were spinning and producing a huge cloud of black smoke and a very loud noise. He indicated the driver was forcing the engine to "rev" and forcing the tires to move without going anywhere. Sergeant Katona related that the driver was forcing the accelerator hard enough to continue to screech the tires even after the vehicle was moving, creating a very loud noise. Sergeant Katona indicated that the immediate area included residential homes and McMurry University. He stated that it was not a particularly loud area.

Sergeant Katona testified that, when he told Clark that he was stopping him because of the screeching tires and smoke coming off the back of the vehicle, Clark told him he knew it was an exhibition of acceleration. Sergeant Katona acknowledged that Clark was not engaged in a race. He insisted that he pulled Clark over for "the disturbance of a motor vehicle." Sergeant Katona agreed that, in his report, he stated, "He was doing an exhibition of acceleration with his tires. And the tires squealing on the 'payment' [sic] was making the smoke and the noise."

The trial court entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Court finds that Officer Katona stopped Christopher Clark's vehicle for exhibition of acceleration.

2. The Court finds that Christopher Clark's vehicle was not in competition or racing any other vehicle.

2

3. The Court finds that the traffic stop was conducted in a business, residential, and college dormitory area.

4. The Court finds that the traffic stop was in a public place.

5. The Court finds that the screeching of tires is what drew Officer Katona's attention to Christopher Clark's vehicle

## CONCLUSIONS OF LAW

1. The reason for the stop was exhibition of acceleration. Texas Transportation Code 545.420.

2. Texas Transportation Code 545.420, as amended, no longer includes exhibition of acceleration unless it is in competition with another motor vehicle.

3. The Court ruled that the stop was not reasonable under Texas Transportation Code 545.420.

4. The Court ruled that exhibition of acceleration, Texas Transportation Code 545.420, is not the same as disturbance by motor vehicle, Abilene Municipal Code Section 18-153.

The trial court took judicial notice of Section 18-153 of the Abilene Municipal Code. It provides:

> No person, in a public place or public way, shall race the motor of any motor vehicle, needlessly bringing to a sudden start or stop any motor vehicle, blow any horn of any motor vehicle, drive in any manner calculated to draw immediate attention to a motor vehicle or cause to be made any loud or unseemly noise, nuisance or disturbances, whereby the quiet, safety or good order of a public place, premises or neighborhood area is disturbed.

ABILENE, TEX., MUNICIPAL CODE art. VII, § 18-153 (2003).

Objectively, it was reasonable for Sergeant Katona to stop Clark because he appeared to be in violation of Section 18-153 of the Abilene Municipal Code. The trial court apparently granted the motion on the basis that Sergeant Katona thought he was stopping Clark for exhibition of vehicle speed or acceleration in violation of Section 545.420 of the Texas Transportation Code when, in fact, Clark was not in violation of that section because he was not racing anyone. The section had previously been amended to provide that an exhibition of vehicle speed or acceleration is only a

3

violation of that section when done in connection with a drag race. TEX. TRANSP. CODE ANN. § 545.4220 (Vernon Supp. 2009).

We hold that the trial court erred in granting Clark's motion to suppress because the evidence before the court showed a reasonable basis for Sergeant Katona to suspect Clark of violating Section 18-153 of the Abilene Municipal Code. There need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); *Singleton v. State*, 91 S.W.3d 342, 346 (Tex. App.—Texarkana 2002, no pet.). Consequently, any subjective intent on the part of Sergeant Katona to stop Clark for the violation of the state statute that was no longer applicable is irrelevant.

Clark first argues that Section 18-153 of the Abilene Municipal Code is unconstitutionally void for vagueness. He did not present this challenge to the constitutionality of Section 18-153 at the trial court level. Because Section 18-153 of the Abilene Municipal Code constitutes the objective basis for the stop of Clark, not the basis for his prosecution, his claim as to its constitutionality was not preserved and may not be presented for the first time on appeal. *See Webb v. State*, 899 S.W.2d 814, 817-19 (Tex. App.—Waco 1995, pet. ref'd).

Clark also urges that Sergeant Katona did not present specific, articulable facts showing that he violated Section 18-153 of the Abilene Municipal Code. We hold that the facts stated by Sergeant Katona, which we have previously set forth, constitute specific, articulable facts sufficient to show a reasonable basis for the belief that Clark was violating Section 18-153 of the Abilene Municipal Code just prior to being stopped by Sergeant Katona.

In urging that the facts given by Sergeant Katona are not specific, articulable facts sufficient to show a reasonable basis for the belief that Clark was violating Section 18-153 of the Abilene Municipal Code, Clark relies on the case of *Ford v. State*, 158 S.W.3d 488, 493-94 (Tex. Crim. App. 2005). We find that case to be distinguishable. In *Ford*, the only evidence offered in support of a stop was that, in the police officer's judgment, Ford was following another car too closely in violation of Section 545.062(a) of the Texas Transportation Code. *Id.* at 494. That section provides:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without

colliding with the preceding vehicle, or veering into another vehicle, object, or person on or near the highway.

TEX. TRANSP. CODE ANN. § 545.062(a) (Vernon 1999).

Given the fact that the officer did not testify about the distance Ford was behind the preceding vehicle or offer any evidence of the speed of the vehicles, the traffic, or conditions of the highway, the appellate court had no reasonable basis upon which it could determine that the officer's suspicion that Ford was in violation of this statute was correct. In the case at bar, the evidence established that there was a very loud screeching of tires while Clark was "revving his engine" so as to cause his tires, but not his vehicle, to move and that his vehicle continued creating a very loud noise after it started moving because Clark was forcing the accelerator hard enough to continue to screech the tires. The evidence also established that all of this occurred at about 3:20 a.m. in an immediate area that included residential homes. This constituted sufficiently specific, articulable facts by which we are able to determine that there was a reasonable basis upon which to stop Clark. Clark notes that there is no evidence that anyone was actually disturbed. However, it would have been reasonable for Sergeant Katona to suspect that the sound of a revving engine and a very loud screeching of tires would be disturbing to nearby residents when the sound is made at 3:20 a.m. in a residential neighborhood. Having concluded that the trial court abused its discretion in granting Clark's motion to suppress, we sustain the State's sole point on appeal.

We reverse the trial court's order granting Clark's motion to suppress and remand for further proceedings consistent with this opinion.

JOHN G. HILL

JUSTICE

April 8, 2010

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.