**Opinion filed January 31, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00054-CR

_____

## KERRY JON AITCHISON A/K/A KERRY JON ATKINSON A/K/A KERRY ATTCHISON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12118-D**

## M E M O R A N D U M   O P I N I O N

Kerry Jon Aitchison pleaded guilty to the second-degree felony offense of possession of methamphetamine. He also pleaded true to an enhancement allegation. The trial court accepted Appellant's guilty plea, assessed his punishment in accordance with the plea-bargain agreement, and sentenced him to confinement for twelve years. On appeal, Appellant contends that the trial court erred when it denied Appellant's motion to suppress evidence obtained during warrantless

searches of Appellant's automobile and person after a traffic stop. Because we find the traffic stop and the subsequent searches of Appellant's automobile and person were lawful, we overrule Appellant's sole issue and affirm the judgment of the trial court.

The State charged Appellant with one count of possession of four grams or more, but less than two hundred grams, of methamphetamine with intent to deliver and a second count of possession of methamphetamine. Appellant had a previous conviction for possession of methamphetamine with intent to deliver. After the grand jury indicted Appellant, he filed a motion to suppress evidence—including, among other things, 5.62 grams of methamphetamine—obtained incident to the traffic stop.

The trial court held a hearing on Appellant's motion to suppress. Alfred Dixon, an agent with the Abilene Police Department's Narcotics Special Operations Division and a K-9 handler, testified for the State. Agent Dixon explained that, on the day of the offense, he was watching a residence known to be a drug location. While there, Agent Dixon saw someone drive a vehicle up to that residence. A white male got out of the vehicle and went inside the residence for a short period of time. He then came back outside, got back into the vehicle, and drove away from the area. Agent Dixon testified that, from his training and experience, this sequence of events was consistent with a drug purchase.

Agent Dixon followed the vehicle in an attempt to get probable cause to stop the vehicle. Dixon initiated a traffic stop after the driver of the vehicle failed to signal a lane change. Appellant was the only individual in the vehicle.

Agent Dixon had Appellant get out of the vehicle, and then Agent Dixon conducted an open-air sniff with his drug dog. The dog alerted to the odor of narcotics on the driver's door of the vehicle. Agent Dixon then searched the vehicle and found crystal-like debris in the front seat and a 0.1 gram granule in the driver's

door. Although the 0.1 gram granule was not field-tested at the scene, based on his training and experience, Agent Dixon believed that the granule and other debris were methamphetamine. Agent Dixon placed Appellant under arrest and took him to the police station.

After Agent Dixon and Appellant arrived at the police station, and the 0.1 gram granule tested positive for methamphetamine, Agent Dixon told Appellant that they were going to conduct an unclothed search of his person. According to Agent Dixon, Appellant then admitted that he had a quantity of methamphetamine on his person. Appellant was taken to the bathroom where he retrieved approximately 5.79 grams of methamphetamine from his buttocks.

Appellant testified at the hearing on the motion to suppress. Appellant claimed that he told the officers the vehicle did not belong to him. Appellant also claimed that he never saw the officers test the debris or the 0.1 gram granule at either the traffic stop or the police station. Lastly, Appellant denied that he told the officers that he had a quantity of methamphetamine on him. Instead, Appellant claimed that he was strip-searched.

After it heard the evidence, the trial court denied Appellant's motion to suppress. Subsequently, Appellant pleaded guilty to one count of possession of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017). Punishment for the offense was enhanced to that for a first-degree felony because Appellant had a prior conviction for possession of methamphetamine with intent to deliver. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2018). This appeal followed.

In a single issue, Appellant argues that the trial court erred when it denied his motion to suppress. Appellant argues that, because Appellant was not arrested for the alleged traffic violation and because evidence of possession was not verified at

3

the scene of the pretext traffic stop, Appellant's arrest and subsequent searches were done without probable cause.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). When we review a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016). We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Id.*; *Martinez*, 348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436. When the trial court makes express findings of fact, we first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

A traffic stop is a seizure within the meaning of the Fourth Amendment and must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984); *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). However, there "need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant." *State v. Clark*, 315 S.W.3d 561, 564 (Tex. App.—Eastland 2010, no pet.); *see also Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). An actual traffic violation constitutes probable cause that sufficiently justifies the initial detention. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Moreno v. State*, 124 S.W.3d 339, 346 (Tex. App.—Corpus Christi 2003, no pet.).

4

To validly prolong a detention beyond the reason for the stop, officers must have reasonable suspicion to believe the person is violating the law. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); *Sieffert v. State*, 290 S.W.3d 478, 483 (Tex. App.—Amarillo 2009, no pet.). However, no additional justification is necessary for an olfactory canine sniff that occurs during a lawful traffic stop since a canine sweep of an automobile "does not constitute a search within the meaning of the fourth amendment of the United States Constitution." *1979 Pontiac Auto. v. State*, 988 S.W.2d 241, 243 (Tex. App.—Eastland 1998, no pet.). "This is because the exterior or open air dog sniff is much less intrusive than a typical search and only discloses the presence or absence of narcotics." *Mohmed v. State*, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd). Furthermore, a positive alert by a canine provides probable cause to search a vehicle. *State v. Weaver*, 349 S.W.3d 521, 527–28 (Tex. Crim. App. 2011).

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man to believe that the person arrested has committed or was committing an offense. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). The test for probable cause is an objective one, unrelated to the arresting officer's subjective beliefs, and requires a consideration of the totality of the circumstances that face the arresting officer. *Id.* A finding of probable cause requires more than bare suspicion but less than would justify a conviction. *Id.* (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). "An unarticulated 'hunch,' a suspicion, or the good faith of the arresting officer is insufficient to support probable cause to justify a warrantless arrest." *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) (citing *McDougald v. State*, 547 S.W.2d 40, 42 (Tex. Crim. App. 1977)). Additionally, under the Fourth Amendment, "police officers may search an arrestee incident to a

lawful arrest." *State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014) (citing *United States v. Robinson*, 414 U.S. 218, 224–26 (1973)).

Here, Agent Dixon testified that he observed Appellant make a lane change without signaling. Failure to use a turn signal before changing lanes is a traffic violation. TEX. TRANSP. CODE ANN. § 545.104 (West 2011). As such, Agent Dixon had probable cause to stop and detain Appellant for the traffic violation. *See Walter*, 28 S.W.3d at 542. That the traffic stop was pretextual is of no consequence. *See Crittenden v. State*, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995) (holding a valid traffic stop is not unlawful because the detaining officer had an ulterior, or pretextual, motive for making it). After he initiated the traffic stop, Agent Dixon used his drug dog to conduct an olfactory search around the outside of the vehicle. It is well settled that a K-9 search outside a vehicle is generally not unconstitutional. *See 1979 Pontiac*, 988 S.W.2d at 243. The drug dog alerted to the odor of narcotics at the driver's door of Appellant's vehicle. This alert gave Agent Dixon probable cause to search the vehicle. *See Weaver*, 349 S.W.3d at 527–28. Inside the vehicle, Agent Dixon found debris on the front seat and the 0.1 gram granule in the driver's door that he believed to be methamphetamine. Although the debris and granule were not field-tested at the scene of the traffic stop, Agent Dixon's training and experience was sufficient to lead him to reasonably believe that the substance was methamphetamine. *See, e.g.*, *Keehn v. State*, 279 S.W.3d 330, 336 (Tex. Crim. App. 2009) (officer's training and experience concerning the production of methamphetamine were sufficient to show that the officer had probable cause to believe that propane tanks contained anhydrous ammonia). These factors provided Agent Dixon with probable cause to believe that Appellant had committed the offense of possession of methamphetamine. *See Amador*, 275 S.W.3d at 878. Thus, Agent Dixon lawfully arrested Appellant. *Id.*

At the police station, the granule tested positive for methamphetamine. An additional 5.79 grams of methamphetamine was then recovered from Appellant's person. Regardless of whether this additional methamphetamine was obtained voluntarily or through a strip search, it was obtained legally. The trial court was free to believe either that Appellant voluntarily surrendered the methamphetamine or that, if the methamphetamine was found through a strip search, the search was a legal search incident to arrest. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999) ("In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony."); *McGee v. State*, 105 S.W.3d 609, 618 (Tex. Crim. App. 2003) (holding that a body cavity search was a reasonable search incident to arrest).

Because the initial traffic stop and subsequent warrantless searches of Appellant's automobile and person were conducted legally, the trial court did not err when it denied Appellant's motion to suppress. We overrule Appellant's sole issue.

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

January 31, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.