**Opinion filed February 4, 2021**



### In The

# Eleventh Court of Appeals

_____

## No. 11-19-00062-CR

_____

## JOSEPH ROBERT ELLIS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15034**

### M E M O R A N D U M   O P I N I O N

The jury convicted Joseph Robert Ellis, Jr. of the offense of possession of methamphetamine in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2017). After Appellant pleaded "true" to the two enhancement paragraphs contained in the indictment, the jury assessed punishment at confinement for ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019). Appellant did not file a motion to suppress evidence at trial. Appellant's sole issue on appeal is that the traffic stop that led to

the search was a "pretext" and that the search for and discovery of narcotics in his vehicle therefore was, as a matter of law, unreasonable. Appellant asks this intermediate appellate court to overturn *Crittenden v. State*, 899 S.W.2d 668 (Tex. Crim. App. 1995), on the *same* basis upon which it was originally adopted by the Texas Court of Criminal Appeals—Article I, section 9 of the Texas Constitution. We affirm.

*Background Facts*

Officer Gary Roberts, a K-9 officer with the Stephenville Police Department Narcotics Unit, was conducting surveillance on a residence he knew to be Appellant's home when he observed a red Ford compact car leave the property. Officer Roberts was familiar with the car because he had seen it parked outside the residence and on several occasions during patrol. He knew that the vehicle was registered to Betty Ellis, Appellant's mother. From his position across Lingleville Highway from the residence, Officer Roberts observed a traffic violation: the driver of the vehicle failed to signal a turn. Officer Roberts then pursued the vehicle to initiate a traffic stop that would essentially allow him to conduct a narcotics investigation.

There were two people in the vehicle. Officer Roberts recognized Appellant as the driver. After his initial conversation with Appellant, he asked Appellant to get out of the vehicle. For safety reasons, Officer Roberts waited for another unit to arrive before he got his drug dog out to perform an open-air sniff around the vehicle. The dog ultimately alerted to the odor of narcotics next to the open window on the passenger side of the vehicle. Officer Roberts searched the car and found methamphetamine in a clear plastic bag concealed within the parking brake cover.

On appeal, Appellant argues that the search of his vehicle was unreasonable under the Texas Constitution because the traffic stop was a pretext for the search. He petitions this court to revisit the "*Crittenden* doctrine."

2

*Discussion*

The temporary detention of individuals by the police to address traffic violations constitutes a seizure within the meaning of the Fourth Amendment and must be reasonable. *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). The officers must have at least reasonable suspicion to believe that a traffic violation has occurred, and the traffic stop must be reasonably related, in duration and scope, to the purpose of investigating the violation. *See Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). "There need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant." *State v. Clark*, 315 S.W.3d 561, 564 (Tex. App.—Eastland 2010, no pet.); *see Whren*, 517 U.S. at 813. An actual traffic violation constitutes probable cause that sufficiently justifies the initial detention. *Walter v. State*, 28 S.W.3d 538, 543 (Tex. Crim. App. 2000). While a lawful traffic stop is ongoing, an officer may have a canine perform an open-air sniff around the vehicle without any additional justification. *See 1979 Pontiac Auto. v. State*, 988 S.W.2d 241, 243 (Tex. App.—Eastland 1998, no pet.); *see also Mohmed v. State*, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd).

A pretextual traffic stop occurs when an individual is validly stopped for a traffic violation only because the officer wishes to investigate that individual for a separate offense, for which the officer does not have valid legal grounds to effectuate a stop or an arrest. *See Garcia v. State*, 827 S.W.2d 937, 939–40 (Tex. Crim. App. 1992) (adopting the objective approach for pretextual stops under the Fourth Amendment). In *Crittenden*, the court addressed pretextual stops in the context of Article I, section 9 and held that an objectively valid traffic stop is not unlawful solely because the officer had an ulterior motive for making it. *Crittenden*, 899 S.W.2d at 671, 674; *see* TEX. CONST. art. I, § 9.

Here, the traffic stop was objectively valid. Officer Roberts testified that he saw "the vehicle make a turn violation" when the driver failed to signal that he was turning; therefore, Officer Roberts had probable cause to stop and detain the vehicle's occupants for the traffic violation. *See Lerma*, 543 S.W.3d at 190. Because Appellant was lawfully detained for the traffic violation, Officer Roberts was able to conduct a canine sweep of the vehicle, and he had probable cause to search it after the dog made a positive alert. *See State v. Weaver*, 349 S.W.3d 521, 527–28 (Tex. Crim. App. 2011) (recognizing that a positive alert by a canine provides probable cause to search a vehicle). The fact that Officer Roberts had an ulterior motive for making the stop—i.e., to conduct a narcotics investigation—is of no consequence. *See Crittenden*, 899 S.W.2d at 674.

Appellant suggests that the reasonableness of pretextual traffic stops under the Texas Constitution needs to be revisited. As an intermediate appellate court, we are bound by the precedent of the Court of Criminal Appeals, and the controlling precedent is that the subjective intent of the detaining officer is irrelevant to whether the stop was reasonable under Article I, section 9. *See id.* Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE

February 4, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4